# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAMANTHA PLETCHER; and ADAM PLETCHER

Plaintiffs,

vs.

SPARKPLUG CAPITAL LLC, a Delaware Limited-Liability Company.

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **20-C-0811**

**COMPLAINT FOR DAMAGES WITH JURY DEMAND**

## COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE, GROSS NEGLIGENCE, PREMISES LIABILITY, LOSS OF CONSORTIUM, AND FRAUD RESULTING IN PERSONAL INJURY
### (28 U.S.C. § 1332; Diversity of Citizenship)

Plaintiffs, Adam Pletcher and Samantha Pletcher for their complaint allege as as follows:

## PARTIES

1.     At all times relevant to this action, the plaintiffs, Adam Pletcher and Samantha Pletcher, have been married. The Pletchers live in Genoa City, Wisconsin, making them residents within the jurisdiction of this Court, and citizens of the State of Wisconsin.

   (a)     Samantha Pletcher

   872 Hunters Ridge Drive

   Genoa City, Wisconsin 53128

   phone: (262) 551-1066

   email: samantha@neotekcorp.com

(b)     Adam Pletcher
        872 Hunters Ridge Drive
        Genoa City, Wisconsin 53128
        phone: (847) 558-9830
        email: adam@neotekcorp.com

2.     The defendant, Sparkplug Capital LLC is a limited liability company
       organized and existing under the laws of the State of Delaware, with its
       corporate headquarters located in the State of Colorado. Red Dot Storage is
       the doing business as (DBA) name which Sparkplug Capital LLC operates its
       storage facility services under, making them one and the same. Sparkplug
       Capital LLC is authorized to do, and in fact does, business in the State of
       Wisconsin.

(a)     Sparkplug Capital LLC
        3970 Broadway Street
        Boulder, Colorado 80304-1135
        phone:
        email:

## JURISDICTION & VENUE

3.     Jurisdiction in this Court is established by diversity of citizenship and
       damages in excess of $75,000 pursuant to 28 U.S.C. § 1332 by virtue of the
       fact that at all times relevant hereto Plaintiffs were and continue to be
       residents of and citizens of the Commonwealth of Wisconsin, Defendant
       Sparkplug Capital LLC was and continues to be a Delaware established
       limited liability company with its principal place of business in the State of
       Colorado and the underlying allegations which took place in Walworth
       County, Wisconsin.

4.     Venue is established in this District under 28 U.S.C. § 1391(a) as a substantial
       part of the events giving rise to this claim occurred in Genoa City, Wisconsin
       which is located within said District; to wit, the establishment of a contract

between Plaintiffs, and Defendant Sparkplug Capital LLC, the defendant's breaches of contract, breaches of warranties, express and implied, and the defendants' negligence pertaining to the purchase of the storage unit facility, requisite inspections, construction, and operation of the storage unit facility, leading up to the relevant events on or about May 29, 2017.

5.    Based upon Plaintiffs' information and at all times relevant hereto, Defendant Sparkplug Capital LLC, was and is doing business under the registered name of Red Dot Storage in multiple states and further doing business under the specific name of "Red Dot Store No. 10" for the premises located 180 Elizabeth Lane, Genoa City, WI 53128, (herein after "**Red Dot Storage No.10**") was and is operating premises in at least 16 states offering storage space to lease by the public, including but not limited to Plaintiffs.

## INTRODUCTION

6.    This case arises from the serious failure of a critical structural element that occurred on May 29, 2017, at the **Red Dot Storage No.10** premises. This structural failure caused a serious injury to Plaintiff Samantha Pletcher.

7.    On May 29, 2017 a structural failure in the form of a complete failure of the overhead unit door counterbalance system caused the door to rapidly fall onto the back of Samantha Pletcher as she was moving an item out of the rental unit.

8.    This structural failure which caused severe injury to Samantha Pletcher was foreseeable and completely avoidable had Defendant not been grossly negligent and negligent in its obligation to maintain its premises.

9.    The Plaintiffs would never have continued to lease storage space from the Defendant had Defendant not been fraudulent in its representations of operating and maintaining a safe and secure storage facility.

## GENERAL ALLEGATIONS

10.      In or about August 2014 Defendant acquired the rental facilities located in Genoa City, WI that was previously owned and operated by Safeway Storage LLC

11.      Plaintiffs were existing clients, having leased unit A027 from its previous owners, Safeway Storage

12.      Plaintiffs received notice that ownership of the rental properties had moved from Safeway Storage to **Red Dot Storage No. 10** in or about August 2014 and continued to lease the same storage unit A027, now under the exclusive ownership and control of Defendant

13.      Plaintiffs were informed that the monthly rental would increase slightly but the properties were being renovated to offer a higher level of safety, security and convenience.

14.      Defendant promoted and continues to promote their rental storage units as "Safe. Simple. Storage"

15.      Screenshot from www.reddotstorage.com promotional website home page

**RED ● DOT**
**STORAGE**
       Locations    Specials    FAQ / Tips    What Size Unit?    Login / Pay Bill

Our Response to COVID-19



# Safe. Simple. Storage.

16.	Plaintiffs continued to lease the same A027 unit under **Red Dot Storage No.10** premises in good faith with the belief Defendant would improve and maintain the properties.

17.	Each of the rental units at the **Red Dot Storage No.10** premises features its own integral door which is the sole method to gain access to the leased space.

18.	Photograph showing exterior of unit A027 unit where incident occurred.



19.	The storage space leased by Plaintiffs was a 10 foot wide by 20 foot deep unit which, at the time of the incident, featured a TracRite Rolling Curtain Overhead Door Model 944 (herein after referred to as **"TracRite Rolling Curtain Door"**) approximately 10-feet in width and 8-feet in height.

20.     This **TracRite Rolling Curtain Door** is equipped with two (2) torsion springs which act as counterbalance to offset the weight of the door

21.     TracRite provides a manual which includes specific information on the installation, maintenance and parts of the Model 944 overhead door (herein after **"TracRite Rolling Curtain Door Manual"** attached and incorporated in its entirety as "Exhibit A")

22.     The **TracRite Rolling Door Manual** calls out in conspicuous placement several warnings, each with larger font and alert icons the following:

    (a)     Warning from page one stressing that the torsion springs are under extreme tension which can cause SERIOUS INJURY or DEATH and that adjustments or repairs must be made by a qualified door mechanic using proper tools and instructions

## ⚠ WARNING

Rolling steel doors are large, heavy objects that move with the help of springs under extreme tension. Since moving objects and springs under tension can cause injuries, your safety and the safety of others depends on you reading and following the instructions in this manual. Check your work prior to operating door.

| POTENTIAL HAZARD | EFFECT | PREVENTION |
|---|---|---|
| MOVING DOOR | Can Cause Serious Injury or Death | Keep people clear of opening while door is moving. Get help or use support when lifting new door into place. |
| EXTREME SPRING TENSION | Can Cause Serious Injury or Death | Installation, repairs, and adjustments must be made by a qualified door mechanic using proper tools, methods, and instructions. Before winding torsion spring, make sure door is fully open and curtain is wrapped on barrel. |

    (b)     Caution from page one that spring tension is Critical; improper tensioning of the spring(s) can result in door damage

## ⚠ CAUTION

Spring Tension is Critical: Improper tensioning of the spring(s) can result in door damage and reduce the life of your door. The door should not slam up or down during operation. Please refer to Page 8; Fig. 12. No warranty claims will be honored due to damage caused by improperly tensioned spring(s).

(c)     Note on page 5 that white felt tape on the inside of door curtain

## NOTE!

**DO NOT REMOVE WHITE FELT TAPE on the inside of the door curtain. It is a door component, <u>NOT</u> packing material.**

should not be removed and that it is a door component. Not packing material

(d)     Warning on page 8 that components are under·extreme spring tension that can cause SERIOUS INJURY or DEATH. and that any adjustments or repairs must be made by a qualified door mechanic using proper tools and instructions

## ⚠ WARNING

Components under extreme spring tension can cause SERIOUS INJURY or DEATH. Adjustments and repairs must be made by a qualified door mechanic using proper tools and instructions. Do NOT attempt to adjust door tension unless the door is in the "UP" position. Winding bar should be solid steel 1/2" diameter rod or 3/8" x 1/2" flat.

(e)     Caution on page 8 that spring tension is critical

## ⚠ CAUTION

**Spring Tension is Critical: Improper tensioning of the spring(s) can result in door damage and reduce the life of your door. The door should not slam up or down during operation. No warranty claims will be honored due to damage caused by improperly tensioned spring(s).**

(f)     Page 9 details expected maintenance which includes monthly
        visual inspections of all door components

## 12. MAINTENANCE INSPECTION:
Visually inspect the entire door monthly for general
cleanliness and ease of operation.
- Inspect the guides and curtain for wear and/or
  accidental damage.
- Inspect all fasteners and anchor bolts for loose,
  damaged, or missing parts.
- If door is equipped with a chain hoist
  mechanism, inspect it for missing or loose parts.

(g)     Page 9 details expected lubrication of critical components
        including the torsion spring at a frequency not to exceed every six
        months

LUBRICATION: Lubricate the following every six
months. When operating in dusty or wet enviroments
lubrication may be required more often.
- Guides: Open the door. Spray silicone spray or
  Zep 45™ onto the door guide runners and inside
  the guide.
- Latch: Spray the slide latch with silicone spray to
  promote smooth latch operation.
- Chain Hoist Parts: Apply a small amount of oil to
  roller chain.
- Spring: To ease friction and prevent squeaking
  apply silicone spray or Zep 45™ across the
  spring.

23. On or about May 29, 2017 Plaintiffs were moving items out of their rental unit.

24. Plaintiffs were unaware that a potentially dangerous and life-threatening incident would occur while they were moving items out of their rental unit

25. On or about the morning of May 29, 2017 Plaintiff Samantha Pletcher was dragging a wooden end table from the interior of the A027 Storage Unit to the exterior.

26. While underneath the **TracRite Rolling Curtain Door** the neglected and unmaintained torsion springs failed, causing the door to rapidly descend.

27. Plaintiff Samantha Pletcher was struck across the shoulder and upper back by the falling door

28. The overhead door struck with enough force to pin Plaintiff Samantha Pletcher between the end table she was bent over and dragging out at the time and the falling door.

29. The overhead door struck with enough force to momentarily cause Plaintiff Samantha Pletcher to lose consciousness.

30. Plaintiff Adam Pletcher had to forcibly lift the door off of his wife to allow her to free herself from between the door and end table.

31. Plaintiff Samantha Pletcher experienced excruciating pain radiating along her shoulder and upper back where the door struck her body.

32. This accident caused pain and suffering, resulting in serious injuries to Plaintiff Samantha Pletcher, including but not limited to deep bruising at the area of impact to the muscles & area of the spine. Plaintiff Samantha Pletcher continues to suffer from both physical and mental conditions which will cause her to suffer pain, mental distress, emotional distress, and otherwise for the rest of her life.

33.     At no point in time were Plaintiffs, warned by Defendant of any potential risk arising from structural failures due to failing to abide by clearly articulated manufacturer maintenance requirements

34.     As the owner, operator, possessor and/or maintainer, Defendant had a duty to exercise reasonable and due care in the leasing of storage space it offered to its business invitees, customers, and/or patrons so that the storage space would not be dangerous to life or limb of the public, including Plaintiffs and all other persons.

35.     Inspection of the door after the incident on May 29, 2017 showed that both torsion springs failed with the right side snapping completely in two

36.     Photo of torsion springs on or about May 31, 2017



37.     Inspection of the door after the incident on May 29, 2017 showed that the white felt strips which the **TracRite Rolling Door Manual** stated were required parts of the door were, in fact, missing or damaged

38. A later inspection of the door after the incident on May 29, 2017 showed that the Defendant had replaced the broken torsion springs with larger, new torsion springs

39. Photo of replaced torsion springs taken on or about June 20, 2017





## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

40.     Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

41.     Disregarding its duty, Defendant, prior to, at the time of and after the incident, as the premises operator, is guilty of one or more of the following acts or omissions:

    (a)     failing its duty of care in operating a self-storage premises, and in selecting those charged with the task of acquiring, securing, inspecting and maintaining and the same.

    (b)     negligence in complying with clearly articulated manufacturer instructions relating to inspection and maintenance of the **TracRite Rolling Curtain Door** was a substantial factor in causing the injuries sustained by Plaintiffs.

    (c)     complete failure to inspect or maintain the storage units it leased to Plaintiffs and thousands of other customers which created an unreasonably dangerous condition eventually causing injury to Plaintiffs.

    (d)     failure to inspect the **TracRite Rolling Curtain Door** when it acquired the premises and complete failure to maintain the unit per manufacturer's explicit recommendations meant that the leased storage unit could not be safely used in the manner and for the purpose for which it was intended.

42.     Defendant owed Plaintiffs a duty to exercise due care in providing a safe place for its customers, including by ensuring that the premises were safe and that the leased storage units located therein were properly

installed, maintained, secured, and inspected and Defendant breached the Defendant's duty of care.

43. Defendant breached their standard and duty of care to Plaintiffs, including, without limitation, by failing to ensure that the structural elements at their facility were safe and secure, which breach led to the catastrophic failure of the counterbalance system for the **TracRite Rolling Curtain Door** suddenly and violently falling directly upon Plaintiff Samantha Pletcher's left upper back.

44. As a direct and proximate result of the negligence and carelessness of the **Defendant, Sparkplug Capital LLC,** Plaintiffs have suffered severe and serious personal injuries. The full nature and extent of Plaintiffs' injuries are still unknown and when the same are ascertained, Plaintiffs will assert them with particularity.

45. It was foreseeable to Defendant that, if the heavy **TracRite Rolling Curtain Door,** if neglected and not properly maintained, were to fail and fall, it could cause serious injuries to persons anyone situated directly below the door.

46. As a direct and proximate result of the foregoing negligence and carelessness of Defendant, Plaintiff Samantha Pletcher has suffered severe and serious personal injuries, and Defendant is liable for the same under the doctrine of negligence.

47. Plaintiff Samantha Pletcher has been required to engage the services of various medical providers, including emergency medical attention, to care for and treat her injuries. Plaintiff Samantha Pletcher is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering, as well as lost income.

## SECOND CAUSE OF ACTION
## (NEGLIGENCE via RES IPSA LOQUITUR)

48.   Plaintiffs repeat and reallege each and every foregoing paragraph set
      forth above and incorporate the same by reference as though fully set
      forth at length herein.

49.   Defendant owed Plaintiffs a duty to exercise due care in providing a
      safe place for its invitees to its **Red Dot Storage No. 10** premises, and
      failed to meet this duty, and said actions and omissions as described
      above, were a breach of the Defendant's duty of care.

50.   Getting struck in the spine, upper back and shoulder by a heavy steel
      rolling curtain overhead door when premises used in an intended or
      reasonably foreseeable manner does not ordinarily occur in the absence
      of someone's negligence.

51.   Defendant held the exclusive control of the **TracRite Rolling Curtain
      Door** which fell upon Plaintiff Samantha Pletcher.

52.   Plaintiff Samantha Pletcher did nothing to cause the **TracRite Rolling
      Curtain Door** to fall upon her.

53.   As a direct and proximate result of the foregoing negligence and
      carelessness of Defendant, Plaintiff Samantha Pletcher has suffered
      severe and serious personal injuries, and Defendant is liable for the
      same under the doctrine of res ipsa loquitur.

54.   Plaintiff Samantha Pletcher has been required to engage the services of
      various medical providers, including emergency medical attention, to
      care for and treat her injuries. Plaintiff Samantha Pletcher is entitled to
      reimbursement for past and future medical bills incurred as a result of
      the injuries that have caused her pain and suffering, as well as lost
      income.

## THIRD CAUSE OF ACTION
## (NEGLIGENCE via STRICT LIABILITY)

55.  Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

56.  Inviting business customers to store personal items in storage units that are not inspected or maintained in any way creates potential for ultra-hazardous activity for which the Defendant is strictly liable to any party who suffers any damage as a result of the same, regardless of fault. Plaintiffs did not have any knowledge of the dangers involved when they were on the **Red Dot Storage No. 10** premises.

57.  Plaintiff Samantha Pletcher, was injured and suffered damages, as described above, due to the above-described events when the storage unit door crashed down on her, for which the Defendant is strictly liable to the Plaintiffs, regardless of fault.

58.  As a direct and proximate result of the foregoing negligence and carelessness of Defendant, Plaintiff Samantha Pletcher has suffered severe and serious personal injuries, and Defendant is liable for the same under the doctrine of strict liability.

59.  Plaintiff Samantha Pletcher has been required to engage the services of various medical providers, including emergency medical attention, to care for and treat her injuries. Plaintiff Samantha Pletcher is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering, as well as lost income.

## FOURTH CAUSE OF ACTION
## (GROSS NEGLIGENCE)

60.     Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

61.     Defendant acted and otherwise conducted themselves as alleged herein maliciously, fraudulently, oppressively, with a conscious disregard and/or malice for Plaintiffs' rights, and acted with an improper motive amounting to malice for which an award of punitive damages in an amount in excess of five times the amount of compensatory damages Plaintiffs were caused to suffer by said wrongful conduct by Defendant, all to be determined at trial. Defendant acted with actual malice and committed intentional, reckless, wanton, willful and gross acts which caused injury to Plaintiffs

62.     As a direct and proximate result of Sparkplug Capital LLC's wrongful acts or omissions, negligence, gross negligence, recklessness, wanton and willful disregard for the safety of their business invitees, customers, and/or patrons like Plaintiffs as described above, Plaintiff Samantha Pletcher has, in addition to the losses and damages aforedescribed, experienced pain, suffering, scarring, disability, mental anguish, weight gain, loss of enjoyment of the usual activities of daily life, and a loss of income and the ability to earn income in the future permanently for the rest of her life.

## FIFTH CAUSE OF ACTION
## (PREMISES LIABILITY)

63.     Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

64.     At times pertinent hereto, Defendant, was engaged in the business of leasing storage space to the public.

65.     Defendant is now, was on May 29, 2017 and was for at least two years but not more than four years prior to the incident, the owner of the **Red Dot Storage No.10** premises in Genoa City and was responsible for its operation and maintenance, including each individual storage unit, which encompasses a framed storage unit with an integrated rolling overhead door being the only point of access to each unit for use by invitees and others lawfully on said premises.

66.     Defendant business operations in the state of Wisconsin fall under the regulation and authority of Wisconsin Statute 704.90 which regulates Self-service storage facilities

67.     Defendant is and functioned as an Operator as defined under Wisconsin 704.90(1)(d) at all times relevant to this complaint

68.     On May 29, 2017, Plaintiff Samantha Pletcher, was lawfully on the premises as a business invitee under premises liability or as a lessee as defined under Wisconsin 704.90(1)(c).

69.     On May 29, 2017, it was the sole duty of Defendant to exercise ordinary care in maintaining each and every storage unit so as to not put its customers, including Plaintiffs, at needless risk of serious injury while lawfully on the premises.

70.     Disregarding its duty in the premises, Defendant, prior to, at the time of and after the incident, as the premises operator, is guilty of one or more of the following acts or omissions:

    (a)     Negligently failed to inspect the premises prior to its acquisition of the same from its previous owners;

    (b)     Negligently failed to provide any maintenance or inspection whatsoever of critical structural elements in each leased storage unit, including Plaintiffs, with obvious knowledge that failing to do so created an extremely dangerous condition;

    (c)     Negligently failed to develop, establish to execute any maintenance schedule, whatsoever, to gain access to leased storage units in order to inspect and maintain the structural elements of said units.

    (d)     Negligently permitted persons lawfully on the premises, including plaintiff, to use the storage units when the Defendant knew, or by the exercise of reasonable care should have known, of its dangerous condition; and,

    (e)     Negligently failed to warn the Plaintiff of the dangerous condition in the area.

71.     As a direct and proximate result of the foregoing negligence and carelessness of Defendant, Plaintiff Samantha Pletcher has suffered severe and serious personal injuries, and Defendant is liable for the same under the doctrine of premises liability.

72.     Plaintiff Samantha Pletcher has been required to engage the services of various medical providers, including emergency medical attention, to care for and treat her injuries. Plaintiff Samantha Pletcher is entitled to reimbursement for past and future medical bills incurred as a result of

the injuries that have caused her pain and suffering, as well as lost income.

## SIXTH CAUSE OF ACTION
## (LOSS OF CONSORTIUM)

73.  Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

74.  As a direct and proximate result of the injuries caused by the Defendant's negligence and other actions as described herein, Plaintiff Adam Pletcher has suffered and continues to suffer, the loss of the support, maintenance, society, comfort, attention, services, love and affection of his wife, Samantha.

75.  Before suffering these injuries, Samantha was able to and did perform the duties of a wife, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to Adam, including, without limitation, working outside the home to provide financial support for the Pletchers.

76.  As a direct and proximate result of the injuries, Samantha has been unable to perform the duties of a wife in that she can no longer, for example, provide substantial assistance with housework, and participate in family, recreational, or social activities with Adam in the same manner as before, and has been severely limited in her ability to contribute to the household income.

77.  Due to the nature of the injuries sustained by Samantha, and the severe physical and psychological strains and stress they cause her, Samantha is no longer able to provide Adam with love, companionship, affection, sexual relations, society, moral support, and solace to the same degree

and in the same manner as before the injuries described herein were
sustained.

78.　　Because of these injuries, upon information and belief, Samantha will be
unable to perform these duties in the future. Adam is therefore deprived
of and will be permanently deprived of his spouse's consortium.

## SEVENTH CAUSE OF ACTION
## (COMMON LAW FRAUD)

79.　　Plaintiffs repeat and reallege each and every foregoing paragraph set
forth above and incorporate the same by reference as though fully set
forth at length herein.

80.　　Defendant made material representations that were false and that were
either known to be false when made or were asserted without
knowledge of their truth. Defendant operates, manages and leases
spaces at self-storage facilities in at least sixteen states

81.　　The entire business operation revolves around and relies on storage units
which utilize and rely on overhead steel doors as the only way to access
each leased storage space by its customers.

82.　　Defendant is the owner and operator of at least 154 storage facilities
with a cumulative total of tens of thousands of overhead roll down
doors of similar function and design as the one that failed at its **Red
Dot Storage No.10** premises.

83.　　These doors are an integral structural component under the sole control,
responsibility and duty of Defendant.

84.　　As such, it is incumbent and expected that Defendant has the
knowledge, experience and understanding of the integral structural
elements of each storage unit.

85.     Defendant utilizes the slogan "Safe. Simple. Secure" throughout its advertising as an overt representation of its experience, understanding and operation and maintenance of its premises.

86.     Contrary to its representations, Defendant made and continues to make the following misrepresentations:

   (a)     Misrepresentations regarding the safety of the storage units it leases to the public;

   (b)     Misrepresentations as to the existence, occurrence and frequency of occurrences, or inspections and/or maintenance of the storage units it leases to the public;

   (c)     Defendant intended that these misrepresentations be relied upon by the public as well as potential and existing customers, including Plaintiffs.

   (d)     Plaintiffs did rely upon the misrepresentations that caused Plaintiff's injuries.

   (e)     Defendant's misrepresentations were the proximate and/or producing cause of Plaintiff's injuries.

## EIGHTH CAUSE OF ACTION
## (FRAUDULENT MISREPRESENTATION)

87.     Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

88.     Defendant engaged in the business of leasing storage units to the public. By their advertising, sales literature, or otherwise, Defendant made a misrepresentation of a material fact concerning the safety of its premises to Plaintiff and the public.

89.   Plaintiff justifiably relied on Defendant's misrepresentations in leasing
       storage space. Plaintiffs have suffered physical harm proximately caused
       by Defendant's misrepresentations regarding the safety of its premises.

## RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant Sparkplug
Capital LLC, for their compensatory damages in an amount in excess of Seventy
Five Thousand and 00/100 Dollars ($75,000.00), punitive damages in an amount to
be determined at trial, but in excess of Seventy Five Thousand and 00/100 Dollars
($75,000.00), the costs of this litigation, their attorney fees, prejudgment and post-
judgment interest, special damages in an amount in excess of Seventy Five
Thousand and 00/100 Dollars ($75,000.00), that the court award plaintiff the
opportunity to amend or modify the provisions of this Complaint as necessary or
appropriate after additional or further discovery is completed in this matter, and
after all appropriate parties have been served; and any and all other relief to which
they may be entitled.

Respectfully submitted,

Dated: May 28, 2020          By: _____
                                  Adam & Samantha Pletcher
                                  Plaintiffs