# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

ADAM PLETCHER,
SAMANTHA PLETCHER,

      Plaintiffs,

v.

SPARKPLUG CAPITAL LLC,

      Defendant.

Case No: 20-cv-00811

## SPARKPLUG CAPITAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

**NOW COMES** Defendant, Sparkplug Capital LLC ("Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby answers Plaintiffs' Complaint as follows:

### PARTIES

1. Answering Paragraph 1, including subsections (a) and (b), Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

2. Answering Paragraph 2, including subsection (a), Defendant admits that Sparkplug Capital LLC is organized under the laws of Delaware with corporate headquarters in Colorado, but. Defendant admits that within Colorado, Red Dot Storage is a tradename, but denies that Sparkplug Capital LLC owns or operates storage facilities in Wisconsin under the doing business as (DBA) name of Red Dot Storage. Defendant further denies that Sparkplug Capital LLC is registered to do business or is doing substantial business in Wisconsin. Further, Defendant affirmatively states that Red Dot Storage 10, LLC does business as Red Dot Storage, is organized

382919v.1

in the State of Wisconsin as a domestic limited liability company and owns and operates self-storage properties.

## JURISDICTION & VENUE

3. Answering Paragraph 3, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as it relates to Plaintiffs' alleged damages and that Plaintiffs were and continue to be residents and citizens of the "Commonwealth of Wisconsin". Further, Defendant admits that Sparkplug Capital LLC was and continues to be a Delaware Limited Liability Company with its principal place of business in the State of Colorado. Defendant admits, upon information and belief, that the Plaintiffs' allegations appear to arise out of a property located in Walworth County, Wisconsin. Defendant denies jurisdiction.

4. Answering Paragraph 4, Defendant denies and affirmatively states it did not have a contract with the Plaintiffs.

5. Answering Paragraph 5, Defendant denies that Sparkplug Capital LLC was doing business at any relevant time under the specific name of "Red Dot Store Number 10" for the premises located 180 Elizabeth Lane, Genoa City, Wisconsin 53128. Further, Defendant denies that it is or was operating the premises in question.

## INTRODUCTION

6. Answering Paragraph 6, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

7. Answering Paragraph 7, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

8. Answering Paragraph 8, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

9. Answering Paragraph 9, Defendant denies and affirmatively states it did not lease storage space to Plaintiffs.

## GENERAL ALLEGATIONS

10. Answering Paragraph 10, Defendant denies.

11. Answering Paragraph 11, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

12. Answering Paragraph 12, Defendant denies it had or has exclusive ownership and control of the storage unit at issue. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

13. Answering Paragraph 13, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

14. Answering Paragraph 14, Defendant denies that Sparkplug Capital LLC owns rental storage units. Further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, as such, denies.

15. Answering Paragraph 15, Defendant admits that the image in the Complaint depicts a portion of Red Dot Storage's website homepage.

16. Answering Paragraph 16, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

17. Answering Paragraph 17, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

18. Answering Paragraph 18, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

19. Answering Paragraph 19, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

20. Answering Paragraph 20, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

21. Answering Paragraph 21, Defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit A is a true and correct copy of TracRite Rolling Manual or a manual for the door at issue in this action and, as such, denies.

22. Answering Paragraph 22, including subsections (a) through (g), Defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit A is a true and correct copy of TracRite Rolling Manual or a manual for the door at issue in this action and, as such, denies.

23. Answering Paragraph 23, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

24. Answering Paragraph 24, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

25. Answering Paragraph 25, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

26. Answering Paragraph 26, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

27. Answering Paragraph 27, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

28. Answering Paragraph 28, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

29. Answering Paragraph 29, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

30. Answering Paragraph 30, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

31. Answering Paragraph 31, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

32. Answering Paragraph 32, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

33. Answering Paragraph 33, Defendant admits and affirmatively asserts it did not lease a storage unit, including the storage unit at issue, to Plaintiffs.

34. Answering Paragraph 34, Defendant denies.

35. Answering Paragraph 35, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

36. Answering Paragraph 36, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

37. Answering Paragraph 37, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

38. Answering Paragraph 38, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

39. Answering Paragraph 39, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)

40. Answering Paragraph 40, Defendant realleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

41. Answering Paragraph 41, including subsections (a) through (d), Defendant denies.

42. Answering Paragraph 42, Defendant denies.

43. Answering Paragraph 43, Defendant denies.

44. Answering Paragraph 44, Defendant denies.

45. Answering Paragraph 45, Defendant denies.

46. Answering Paragraph 46, Defendant denies.

47. Answering Paragraph 47, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies. Further, Defendant denies any suggestion that it is liable for any damages alleged.

## SECOND CAUSE OF ACTION
## (NEGLIGENCE via RES IPSA LOQUITOR)

48. Answering Paragraph 48, Defendant re-alleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

49. Answering Paragraph 49, Defendant denies.

50. Answering Paragraph 50, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

51. Answering Paragraph 51, Defendant denies.

52. Answering Paragraph 52, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

53. Answering Paragraph 53, Defendant denies.

54. Answering Paragraph 54, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies. Further, Defendant denies any liability.

### THIRD CAUSE OF ACTION
### (NEGLIGENCE via STRICT LIABILITY)

55. Answering Paragraph 55, Defendant re-alleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

56. Answering Paragraph 56, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted regarding Plaintiff's knowledge and dangers involved when they were on the Red Dot Storage Number 10 premises and, as such, denies. Further, Defendant denies remaining allegations.

57. Answering Paragraph 57, Defendant denies.

58. Answering Paragraph 58, Defendant denies.

59. Answering Paragraph 59, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies. Further, Defendant denies any suggestion that it is liable for any damages alleged.

### FOURTH CAUSE OF ACTION (GROSS NEGLIGENCE)

60. Answering Paragraph 60, Defendant re-alleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

61. Answering Paragraph 61, Defendant denies.

62. Answering Paragraph 62, Defendant denies.

### FIFTH CAUSE OF ACTION
### (PREMISES LIABILITY)

63. Answering Paragraph 63, Defendant re-alleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

64. Answering Paragraph 64, Defendant denies.

65. Answering Paragraph 65, Defendant denies that it is or was the owner of Red Dot Storage Number 10 premises in Genoa City, Wisconsin. Further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted and, as such, denies.

66. Answering Paragraph 66, Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and, as such denies.

67. Answering Paragraph 67, Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and, as such denies.

68. Answering Paragraph 68, Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

69. Answering Paragraph 69, Defendant denies.

70. Answering Paragraph 70, including subsections (a) through (e), Defendant denies.

71. Answering Paragraph 71, Defendant denies.

72. Answering Paragraph 72, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies. Further, Defendant denies any suggestion that it is liable for any damages alleged.

## SIXTH CAUSE OF ACTION
## (LOSS OF CONSORTIUM)

73. Answering Paragraph 73, Defendant re-alleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

74. Answering Paragraph 74, Defendant denies.

75. Answering Paragraph 75, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

76. Answering Paragraph 76, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

77. Answering Paragraph 77, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

78. Answering Paragraph 78, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

## SEVENTH CAUSE OF ACTION
## (COMMON LAW FRAUD)

79. Answering Paragraph 79, Defendant re-alleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

80. Answering Paragraph 80, Defendant denies.

81. Answering Paragraph 81, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

82. Answering Paragraph 82, Defendant denies.

83. Answering Paragraph 83, Defendant denies.

84. Answering Paragraph 84, Defendant denies.

85. Answering Paragraph 85, Defendant denies.

86. Answering Paragraph 86, including subparts (a) through (e), Defendant denies.

# EIGHT CAUSE OF ACTION
# (FRAUDULENT MISREPRESENTATION)

87. Answering Paragraph 87, Defendant re-alleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

88. Answering Paragraph 88, Defendant denies.

89. Answering Paragraph 85, Defendant denies.

## **AFFIRMATIVE DEFENSES**

**NOW COMES**, Defendant, Sparkplug Capital LLC ("Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby alleges and shows to the Court, upon information and belief, the following affirmative defenses:

1. That the claims against Defendant as pled are subject to dismissal for lack of jurisdiction of this court under Fed. R. Civ. P. 12(b)(1)-(2).

2. That the claims against Defendant as pled are subject to dismissal for insufficient process and/or insufficient service of process under Fed. R. Civ. P. 4, 12(b)(4)-(5).

3. That Plaintiffs' claims may be barred by the statute of limitations.

4. That Plaintiffs failed to state a cause of action upon which relief may be granted.

5. That Plaintiff failed to properly state a cause of action for lack of sufficient definiteness or particularity to satisfy the requisite pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

6. That Plaintiffs may have failed to join necessary and indispensable parties to this action.

7. That Plaintiffs' claims are subject to and may be barred by contractual provisions, terms, conditions, exclusions, and limitations contained within an applicable contract.

10

382919v.1
Case 2:20-cv-00811-LA   Filed 08/28/20   Page 10 of 12   Document 6

8. That Plaintiffs' claims are subject to limitations or waivers based either on contract or operation of law.

9. That Plaintiffs' claims may be barred due to the absence of a condition precedent.

10. That Plaintiffs' alleged injuries may have been caused by their own carelessness and/or negligence.

11. That Plaintiffs may have failed to mitigate their damages.

12. That the damages sustained by the Plaintiffs, if any, were caused in whole or in part by the acts or omissions of the Plaintiffs or persons other than this Defendant and for whom this Defendant is not responsible and has no control.

**WHEREFORE**, Defendant, Sparkplug Capital LLC, demands judgment as follows:

a. for a dismissal of the Plaintiffs' Complaint upon its merits;

b. for the costs and disbursements of this action;

c. for reasonable actual attorney fees per 42 USC § 1988; and

d. for such other relief as this court deems just and equitable.

**DEFENDANT HEREIN DEMANDS A JURY OF TWELVE.**

Dated: August 28, 2020.

    WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER, LLP
    Attorneys for Defendant, Sparkplug Capital LLC

    BY: /s/Kevin A. Christensen
    Kevin A. Christensen
    State Bar No.: 1011760
    Kevin.Christensen@wilsonelser.com
    Andrea G. Jahimiak
    State Bar No.: 1115348
    Andrea.Jahimiak@wilsonelser.com

**U.S. Postal Address**
740 North Plankinton Avenue
Suite 600
Milwaukee, WI 53203
Phone: 414-276-3021
Fax: 414-276-8819