## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

ADAM PLETCHER,
SAMANTHA PLETCHER,

       Plaintiffs,

                                       Case No: 20-cv-00811

v.

SPARKPLUG CAPITAL LLC,

       Defendant.

## JOINT REPORT OF THE PARTIES' RULE 26(F) DISCOVERY PLAN

Pro se Plaintiffs, Adam Pletcher and Samantha Pletcher ("Plaintiffs"), and Defendant, Sparkplug Capital LLC ("Defendant"), by its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f), for purposes of the telephonic Fed. R. Civ. P. 16(b) scheduling conference, currently set for October 28, 2020 at 11:15 a.m.

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on October 2, 2020. Adam Pletcher participated for the Plaintiffs and Attorney Kevin A. Christensen participated for the Defendant.

1. <u>Nature of the Case</u>. The case at bar is a personal injury action arising out of an incident that occurred on or about May 29, 2017 at a self-storage facility owned by Red Dot Storage 10, LLC ("Red Dot"), an entity not named in this action, in Genoa City, Wisconsin. Plaintiffs allege that Plaintiff Samantha Pletcher was injured when the overhead door of their rental unit leased from Safeway Storage LLC, who is prior owner of the self-storage facility at issue, fell onto her as a result of the overhead door's structural failure.

386358v.1

Plaintiffs essentially allege the injuries arise out of a failure to maintain the overhead door of their rental unit and assert eight (8) causes of action: negligence, negligence via *res ipsa loquitor*, negligence via strict liability, gross negligence, premises liability, loss of consortium, common law fraud, and fraudulent misrepresentation and seeks compensatory and punitive damages. Defendant denies responsibility for the incident, any and all liability for the claims asserted by Plaintiffs, and denies that there is legal substantiation for a claim of punitive damages.

2.  <u>Jurisdiction</u>. Defendant contests personal jurisdiction in relation to service of process in that Plaintiffs failed to properly serve Defendant.

3.  <u>Possibility of Prompt Settlement</u>. The parties have not engaged in settlement discussions. Based upon the nature of discovery and certain legal issues that need to be addressed, Defendant may well be open to settlement discussions, but settlement discussions are premature at this time. Defendant is open to early mediation.

4.  <u>Motions</u>. Defendant may file a motion regarding the factual dispute of personal jurisdiction and the application of the statute of limitations for failure to properly and timely serve Defendant. It may be necessary for the parties to file a Joint Motion for Protective Order. If so, the parties will file a Joint Motion for Protective Order consistent with the form in the Appendix to the Local Rules for this District.

5.  <u>Initial Disclosures</u>. The parties shall make their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than October 27, 2020.

6.  <u>Electronically Stored Information</u>. The parties are uncertain at this time whether this case will involve electronically stored information. In the event that this case does involve any electronically stored information, the parties agree to discuss and seek agreement on protocols regarding the identification, review, and production of electronically-stored information. The

2

parties further agree to use reasonable measures to obtain discovery, following the guidelines of the Federal Rules of Civil Procedure, including Rule 26(b)(2)(B) regarding the scope of production of electronically stored information, should such information be part of the discovery of this case.

7.      Confidentiality. The parties are unsure at this time whether disputes concerning confidentiality or claims of privilege will arise. If any such disputes arise, the parties will attempt to resolve them. The parties further agree that, subject to further discussion or agreement, any financial information exchanged by the parties will be kept confidential and will not be disclosed to any third party.

8.      Orders. The parties do not contemplate any additional orders that should be entered by the Court at this time other than the Scheduling Order and a Protective Order should the need arise. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

9.      Change to Limitations on Discovery Imposed by Federal Rules. The parties agree that no changes to the limitations on discovery imposed by the Federal Rules are necessary at this time.

10.     Lay and Expert Witness Disclosures. Plaintiffs shall have until no later than March 1, 2021 to name lay and expert witnesses and produce reports. Defendant shall have until no later than June 1, 2021 to name lay and expert witnesses and produce reports. No rebuttal expert witnesses shall be allowed without leave of the court.

11.     Discovery Plan. Discovery can be completed by no later than September 1, 2021.

12.     Dispositive Motions. On or before September 1, 2021 either party may file dispositive motions.

386358v.1

13.    <u>Trial</u>. Defendant requested a jury trial and expects that a trial on this matter would last three (3) days. Should Plaintiffs name their lay and expert witnesses and produce expert reports no later than March 1, 2021, parties anticipate trial would be held in December 2021.

Dated this 21st day of October, 2020.

PRO SE PLAINTIFFS

/s/ *Adam Pletcher*
Adam Pletcher
adam@neotekcorp.com
Samantha Pletcher
samantha@neotekcorp.com
872 Hunters Ridge Dr.
Genoa City, WI 53128
Phone: 847-558-9830
Phone: 262-551-1066

Dated this 21st day of October, 2020.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
Attorneys for Defendant, Sparkplug Capital LLC

/s/ *Kevin A. Christensen*
Kevin A. Christensen
State Bar No.: 1011760
Kevin.Christensen@wilsonelser.com
Andrea G. Jahimiak
State Bar No.: 1115348
Andrea.Jahimiak@wilsonelser.com
740 North Plankinton Avenue
Suite 600
Milwaukee, WI 53203
Phone: 414-276-8816

4

386358v.1