UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ADAM PLETCHER,
SAMANTHA PLETCHER,

        Plaintiffs,

v.

SPARKPLUG CAPITAL LLC,

        Defendant.

Case No: 20-cv-00811

### SPARKPLUG CAPITAL LLC's BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT PROCESS, AND INSUFFICIENT SERVICE OF PROCESS

Defendant, Sparkplug Capital LLC ("Sparkplug"), by its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby submits the following Brief in Support of its Motion to Dismiss Plaintiffs', Adam Pletcher and Samantha Pletcher (collectively "Pletchers"), Complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process under the Federal Rules of Civil Procedure 12(b)(2), 12 (b)(4), and 12(b)(5), and as grounds therefore states as follows:

### INTRODUCTION

The Pletchers filed this personal injury action on the last day possible as they would otherwise be barred by the statute of limitations. While care was taken to ensure the case was filed by the deadline, the same cannot be said for ensuring that Sparkplug was served. The only attempt to serve Sparkplug was by waiver, which was not obtained. The request for waiver was shipped via Federal Express ("FedEx") sixty-eight (68) days after this action was commenced, and when sent, the period to respond to the waiver request had expired. No other service attempts have been

made and no summons had been issued to effectuate service. Thus, there has been no service of process upon Sparkplug. Further, because over ninety (90) days has expired since the action was filed, this court lacks jurisdiction over Sparkplug and the Complaint must be dismissed.

## BACKGROUND

This a personal injury case arising out of an incident that occurred on or about May 29, 2017 at a self-storage facility owned by Red Dot Storage 10, LLC ("Red Dot"), an entity not named in this action, in Genoa City, Wisconsin. The Pletchers filed this action on May 29, 2020—the last possible day before the statute of limitations would bar their claims. *See* Wis. Stat. § 893.54.

On August 5, the Pletchers shipped a packet of documents, via FedEx, to Sparkplug's Registered Agent. (*Affidavit of Kevin Christensen* ("*Aff. K. Christensen*"), ¶ 2, Ex. 1; *Affidavit of Suzanne Biesendorfer* ("*Aff. S. Biesendorfer*"), ¶ 2, Ex. A). Contained within the packet was a "Notice of a Lawsuit And Request to Waive Service of a Summons" ("Notice"), along with a copy of the Pletchers' Complaint. (*Aff. S. Biesendorfer*, ¶ 3, Ex. B, p. 4). The Notice included a certification that it was sent to Sparkplug on June 10. (*Id.*). Pursuant to the Notice, Sparkplug was to return the signed waiver by July 10, if consenting to a waiver of the need for service of a summons. (*Id.*). The package was not delivered to the address of Sparkplug's Registered Agent until August 7. (*Aff. S. Biesendorfer*, ¶ 2, Ex. A; *Aff. K. Christensen*, ¶ 2, Ex. 1). In essence, the timeframe to return the waiver expired before it was shipped and delivered to the address of Sparkplug's Registered Agent. Sparkplug has never, belated or otherwise, returned the Waiver of the Service of Summons nor agreed to waive service of a summons. (*Aff. S. Biesendorfer*, ¶ 4; *Aff. K. Christensen*, ¶ 3).

The packet further contained a form document, "Service of a Complaint", that detailed how to proceed with effectuating service should the waiver not be returned within thirty (30) days from

2

the date it was sent. (*Aff. S. Biesendorfer*, ¶ 3, Ex. B, pp. 2-3). The document provided the following instructions:

> If the waiver (AO Form 399) is not timely returned (at least 30 days from the date it is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States), the plaintiff must serve process as provided in the rule, but the plaintiff is allowed to recover costs of service unless there is good cause for the failure to waive service of summons.

(*Id.*, p. 2).

To date, Sparkplug has not been properly served with a summons and complaint, nor has a summons even been issued. (*Id.*, ¶ 4). The Pletchers are cognizant of the fact that they failed to effectuate service as they were informed of this error three (3) times. The Pletchers were informed that service was improper as it was raised in Sparkplug's Answer, Sparkplug's counsel advised Plaintiff Adam Pletcher of the deficiency during their call on October 2, as reflected in the Joint Report of the Parties' Rule 26(f) Discovery Plan submitted to the Court, and Plaintiff Adam Pletcher was advised by Sparkplug's counsel of the same for the third time at the Fed. R. Civ. P. 16(b) scheduling conference held on October 28. (Def. Answer; Jt. Rpt. of the Parties' Rule 26(f) Discov. Plan, ¶ 4; *Aff. K. Christensen*, ¶¶ 4-5).

## ARGUMENT

The Pletchers have the burden of establishing personal jurisdiction. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). This is a burden that cannot be met because the Pletchers failed to obtain valid process and service of process. On that basis, this Court lacks personal jurisdiction requiring dismissal of this action.

### I. THIS ACTION MUST BE DISMISSED FOR INSUFFICIENT <u>PROCESS</u>.

This action must be dismissed because the Pletchers failed to obtain valid process for this Court to obtain personal jurisdiction over Sparkplug. "A summons is process because its service subjects the person served to the court's jurisdiction, which is necessary to validate a judgment

3

390986v.1

Case 2:20-cv-00811-LA   Filed 11/18/20   Page 3 of 11   Document 17

that the court might render against the person." Fed. R. Civ. P. 4, Practice Commentary C4-4 (2011). The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 4(a); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999)(the summons is the *sine qua non* directing an entity to participate in a civil action or forgo procedural or substantive rights). The Clerk issues a summons at the plaintiff's request. Fed. R. Civ. P. 4(b).

Without a summons, personal jurisdiction cannot be conferred. This is so because one cannot be an official party to an action without the procedural requirement of service of summons. *See* Fed. Rule Civ. P. 4(a); *Murphy Bros., Inc.*, 526 U.S. 344 at 350; *Mississippi Publishing Corp. v. Murphree*, 326 U. S. 438, 444-445 (1946)("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served"); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co*., 484 U. S. 97, 104 (1987)(procedural requirement of service of summons must be satisfied before a court may exercise personal jurisdiction).

Here, the Pletchers did not attempt to effect personal service, instead they sought to secure waiver of service of summons. Sparkplug never acquiesced. In fact, as detailed above, by the time the Pletchers mailed the waiver request, the time for Sparkplug to respond had expired. Even though waiver was not secured, a summons was never issued and there is no indication that the Pletchers attempted to have a summons issued. It was the Pletchers' responsibility to secure a summons and serve the summons and the complaint on Sparkplug. The Pletchers failed this responsibility.

While Fed. R. Civ. P. 4(a)(2) provides that this Court has authority to permit the Pletchers to amend the summons, the Pletchers' failure to obtain a summons is not a minor administrative

or procedural error that can be amended. It cannot be amended because changes and modifications can only be made to something that exists. To that end, this Court cannot exercise personal jurisdiction over Sparkplug which necessitates dismissal of this action.

## II. THIS ACTION MUST BE DISMISSED FOR INSUFFICIENT <u>SERVICE OF PROCESS</u>.

This action must be dismissed because service has not been effectuated and the time to do so expired on August 27, 2020. If service is not completed within the requisite timeframe, the court must dismiss the action with prejudice unless there is a showing of good cause. Fed. R. Civ. P. 4(m). If plaintiff fails to show good cause, the court has discretionary authority to extend the time to effectuate service or dismiss the action. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002). While courts are granted discretionary authority, '"[t]he Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal."' *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001)(quoting *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir.1996)).

There is no question here that the Pletchers failed to serve Sparkplug. (*Aff. S. Biesendorfer*, ¶ 4). The extent of their failure evidences their lack of good cause and a discretionary extension of time for service is unwarranted. Therefore, this action must be dismissed.

### A. The Pletchers failed to effectuate service.

Service "is essential," as the Seventh Circuit has held, "[f]or good reason: that's what the rule says." *Tuke*, 76 F.3d 155 at 157. A party may satisfy this essential requirement by waiver or personal service. Fed. R. Civ. P. 4(d)(1), 4(h). This requires a plaintiff to notify the defendant that an action has been commenced by "providing each defendant with a copy of the complaint and either a summons or both a Request to Waive Service of Summons and a Waiver of Service of Summons form." *See* Fed. R. Civ. P. 4(d)(1); Answers to Pro Se Litigants' Common Questions, p.

5

13, E.D. Wis. U.S.D.C. Dist. Mar. 2018. Service, by waiver or by serving a summons and complaint, must be effectuated within ninety (90) days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), 4(m).

If service is sought by waiver, the defendant must return an executed Waiver of Service of Summons form to the plaintiff within at least thirty (30) days of the date the plaintiff certified the Request to Waive Service of Summons was sent to defendant. Fed. R. Civ. P. 4(d)(E)-(F). If the defendant does not return an executed Waiver of Service of Summons form within the requisite timeframe, a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). "The plaintiff is responsible for having the summons and complaint served within the time allowed . . . ." *Id.*

There is no suggestion the Pletchers made any other attempt to effectuate service, as it is an impossibility because a summons was never issued. As a waiver was not secured and neither Sparkplug nor an agent authorized to accept service on its behalf was served with the summons and complaint, service has not been effectuated. (*Aff. S. Biesendorfer*, ¶ 4).

**B.      Good cause does not exist.**

The Pletchers cannot show good cause for their failure to timely effectuate service. Good cause means "a valid reason for delay, such as the defendant's evading service." *Coleman*, 290 F.3d 932 at 934. Negligence, inadvertence, or "half-hearted efforts to serve a defendant" do not constitute good cause for failure to timely serve. *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990); *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988).

The Pletchers took care to file suit on the exact day the statute of limitations expired; however, they have taken no care to effectuate service. The only service related effort the Pletchers made was by shipping a waiver request after the deadline for Sparkplug to respond had expired and that Sparkplug never executed. (*Aff. S. Biesendorfer*, ¶ 2, Ex. B, p. 4, ¶ 4; *Aff. K. Christensen*,

¶ 3). There is no indicia that the Pletchers made an attempt to correct this defect even after being made aware of it, nor have the Pletchers moved for additional time to serve Sparkplug. Plaintiffs were informed that service was improper as it was raised in the Defendant's Answer, Defendant's counsel advised Plaintiff Adam Pletcher of the deficiency during their call on October 2, as reflected in the Joint Report of the Parties' Rule 26(f) Discovery Plan submitted to the Court, and at the October 28 scheduling conference (Def. Answer; Jt. Rpt. of the Parties' Rule 26(f) Discov. Plan, ¶ 4; *Aff. K. Christensen*, ¶¶ 4-5).

The Pletchers may assert that they are merely pro se litigants and relied on incorrect information from the Clerk's office regarding how to effectuate service of process.[1] However, this is not good cause, and there is no basis for making such an assertion in the first instance. First, the Pletchers have no evidence to demonstrate that the Clerk told them or even suggested that they did not need to obtain or serve a summons. Indeed, the package provided included instructions comporting with the Federal Rules of Civil Procedure requirements, including service of the summons. (*Aff. S. Biesendorfer*, ¶ 3, Ex. B, pp. 2-3). Second, while pro se litigants are granted leniency, "they must at least attempt to correct their errors when they are able to do so." *Kuhn v. Kehrwald*, Case No. 05C1228, *4 (E.D. Wis. Nov. 22, 2006)(citing to *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876-77 (D.C. Cir. 1993)). The Pletchers did not attempt to correct their errors even after being well-informed of them. (Def. Answer; Jt. Rpt. of the Parties' Rule 26(f) Discov. Plan, ¶ 4; *Aff. K. Christensen*, ¶¶ 4-5). Additionally, the Pletchers had the benefit of counsel prior to filing this action.[2] Finally, feigning ignorance as a pro se litigant has no merit here given Plaintiff

---

[1] At the Fed. R. Civ. P. 16(b) scheduling conference, Plaintiff Adam Pletcher stated that Plaintiffs relied on information from the Clerk's office regarding how to effectuate service of process. (*Aff. K. Christensen*, ¶ 6).
[2] At the Fed. R. Civ. P. 16(b) scheduling conference, Plaintiff Adam Pletcher shared that prior to filing this action, the Pletchers were represented by counsel who assisted in the claim process as it relates to this action. (*Aff. K. Christensen*, ¶ 7).

Adam Pletcher's vast litigation experience proceeding pro se at both the federal and appellate level.[3] As such, there is no good cause and this action should be dismissed.

## C. A discretionary extension of time to effectuate service is unwarranted.

A discretionary extension of time for service is unwarranted here; therefore, this action must be dismissed. In determining whether to extend the time to serve, the Seventh Circuit has commonly considered the following factors and their relative hardships:

a. whether the expiration of a statute of limitations during the pending action would prevent refiling;
b. whether the defendant evaded service;
c. whether the defendant's ability to defend would be prejudiced by an extension;
d. whether the defendant had actual notice of the lawsuit;
e. whether the plaintiff requested an extension of time due to difficulty perfecting service; and
f. whether the defendant was eventually served.

*Cardenas*, 646 F.3d 1001 at 1006-07 (citing *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *United States v. McGlaughlin*, 470 F.3d 698, 701 (7th Cir. 2006); *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). However, "even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1007 (7th Cir. 2011). While federal service requirements "may seem overly formalistic, '[t]he Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal.'" *McMasters*, 260 F.3d 814 at 818 (quoting *Tuke*, 76 F.3d 155 at 157).

---

[3] *Pletcher v. USA*, No. 01-1508 (W.D. Wash. 2002); *Pletcher v. USA*, No. 99-1148 (W.D. Wash. 2000); *USA v. Pletcher*, No. 98-30334 (9th Cir. 2000); *USA v. Pletcher*, No. 98-30313 (9th Cir. 1999); *Pletcher v. USA*, No. 98-1131 (W.D. Wash. 1998); *Pletcher v. Redkey*, Case No. 98-1080 (W.D. Wash 1998); *USA v. Pletcher*, 97-182 (W.D. Wash. 1998).

The case of *McMasters v. United States* is an example of carrying out the rules of procedure when doing so did not strike the court as being optimal. 260 F.3d 814. In *McMasters*, a mother of a fifteen (15) year-old girl who was raped and murdered by a United States Marine filed suit against the United States and the Department of the Navy as a pro se litigant. *Id.* at 816. In the end, her chance at holding those accountable for the devastation endured by the rape and murder of her daughter was precluded because she did not properly serve the defendants in adherence to the Federal Rules of Civil Procedure. *Id.* at 820.

The plaintiff attempted service by delivering a copy of the summons and complaint to one defendant and mailed copies to the others. *Id.* at 816. The defendants moved to dismiss the action for insufficient service of process. *Id.* at 816-17. McMasters contended that her failure to effectuate service was because she relied on incorrect information regarding service of process. *Id.* at 816. Even though plaintiff was pro se, relied on incorrect instructions, and dismissal would bar plaintiff from refiling due to the statute of limitations having expired, the Northern District of Illinois dismissed the action for insufficient service of process. *Id.* at 817.

On appeal, the Seventh Circuit affirmed, acknowledging that while the plaintiff was pro se, "proceeding pro se does not excuse her failure to comply with procedural rules." *Id.* at 818; citing to *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")(footnote omitted).

Akin to *McMasters*, the Pletchers are pro se, have not followed procedural rules, have not served Sparkplug, assert they relied on incorrect information on how to effectuate service of process, and dismissal for their failures will bar them from refiling. Unlike *McMasters*, their case is not about the rape and murder of their daughter. If the balance of factors in *McMasters* did not

9

support an extension, the Pletchers simply ignoring service upon Sparkplug certainly should not overcome dismissal here.

Further, this Court is not required to balance the hardship factors in considering dismissal for insufficient service and/or insufficient service of process. Just as recently as this year, the Seventh Circuit upheld this Court's order granting defendant's summary judgment on a pro se litigant's claims. *Roberts v. Jensen*, 801 Fed. Appx. 422, *424, 2020 U.S. App LEXIS 2248 (7th Cir. 2020) (unpublished). The pro se plaintiff sought reversal of this Court's order because the person he meant to sue was never served. *Id.* Even though the statute of limitations barred refiling, the Seventh Circuit affirmed this Court's order because the pro se plaintiff failed to properly serve the defendant, had knowledge that she was not properly served, did not request an extension to effectuate service, or show good cause to extend the time for service. *Id.* at *424-5. While the issue of good cause was only brought forth on appeal, the Seventh Circuit still addressed it, finding no good cause existed for failing to effectuate service. *Id.* at *424, 428.

Plaintiff argued that good cause existed because a pro se plaintiff's complaint is to be liberally construed and adjudicated on their merits. *Id.* at 428. While acknowledging that status as a pro se litigant can affect how courts review the issue, it was not determinative because there were no barriers preventing him from effectuating service, rather he just did not do it. *Id.* The Court did not address the hardship factors and declared that it would not grant an extension as there was no good cause. *Id.*

As detailed above, the Pletchers have no good cause and this Court need not consider more in granting dismissal of this action as there were no barriers preventing the Pletchers from effectuating service, rather they just have not done it.

## CONCLUSION

For the reasons stated herein, this action must be dismissed for lack of personal jurisdiction, insufficient process and insufficient service of process.

Dated this 18th day of November, 2020.

/s/ *Kevin A. Christensen*
Kevin A. Christensen (SBN: 1011760)
Andrea G. Jahimiak (SBN: 1115348)
Wilson Elser Moskowitz Edelman & Dicker, LLP
Attorneys for Defendant, Sparkplug Capital LLC
740 N. Plankinton Avenue, Suite 600
Milwaukee, WI 53203
Phone: 414-276-8816
Kevin.Christensen@wilsonelser.com
Andrea.Jahimiak@wilsonelser.com