IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SAMANTHA PLETCHER; and ADAM PLETCHER<br><br>Plaintiffs,<br><br>vs.<br><br>SPARKPLUG CAPITAL LLC, a Delaware Limited-Liability Company.<br><br>Defendant. | Case No: 20-cv-00811<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Plaintiffs hereby submit their opposition to Defendant's Motion To Dismiss. While the summons issued by the Court has not been served on the Defendant,, Complaint was successfully served on Defendant within 90 days. Due to the facts argued herein, Defendant's motion should be denied, an extension the time for Defendant to sign Waiver of the Service of Summon or, if refused, an extension of time for Plaintiff to effect service. Pursuant Defendants claims of being improper party a hearing should be set to determine if, in fact, Sparkplug Capital, LLC is the proper party in this action.

I.  BACKGROUND

Plaintiffs complaint arises from allegations of negligence, gross negligence, premises liability, loss of consortium, and fraud resulting in personal injury. Federal subject matter pursuant 28 USC § 1332 Diversity of Citizenship.

Defendants claim that the case should be dismissed because they were not timely served properly  This lawsuit was filed on May 29, 2020. The time allotted for service is 90 days from the filing of the action, pursuant to FED. R. CIV. P. 4(m). Plaintiff had until August 29, 2020, to serve under the federal rules.

Plaintiffs began the legal process in the middle of an uncertain and tumultuous worldwide pandemic. This court, as did all federal courts, issued a series of rulings for drastic changes and precautions, showing "good cause" in issuing them beginning on March 13, 2020 (General Order 20-2) thru to September 22, 2020 (General Order 20-19), with an interim orders issued on May 28, 2020 (General Orders 20-11 & 20-12) just one day prior to Plaintiffs initial filing.

As Pro Se litigants, Plaintiffs attempted to navigate the upended legal process as best they could. This included contacting the Clerk of the Court for clarification of the documents the court provided along with the stamped copy of their Complaint which we received by Plaintiffs on or about June 4, 2020.

The clerk's office informed Plaintiff's of the contents and the waiver of service documents. Plaintiff's specifically asked if they should be sent via USPS or other carrier and were told either would suffice but USPS certified mail with return receipt is typically recommended and adequate.

On this advisement Plaintiff's mailed those items via USPS certified mail (tracking #70192970000126225197 attached and incorporated as "Exhibit A") & return receipt (#9590940251759122856898 attached and incorporated as "Exhibit B") on June 10, 2020 to Defendants. Unfortunately the USPS ultimately returned the items to Plaintiff on July 27, 2020 after numerous failed delivery attempts (USPS documentation and tracking info attached and incorporated herein as "Exhibit C").

- 2 -
Case 2:20-cv-00811-LA   Filed 12/30/20   Page 2 of 7   Document 21

Upon receiving the items back Plaintiffs researched further into the defendant and found the address for Defendant's registered agent. On August 5, 2020 Plaintiffs sent the same package via FedEx to the registered agent, Cogency Global Inc. (FedEx receipt & tracking information attached and incorporated herein as "Exhibit D"). Defendant acknowledged receipt of the complaint, along with the waiver information and consent to magistrate judge forms provided by the court via its registered agent, having been delivered on August 7, 2020.[1] which all occurred under 90 days from the filing of the complaint.

Defendant chose to refuse consenting to waiver of service[2], instead filing its answer to the complaint as well as its appearance by counsel on August 28, 2020. All of this also occurred within 90 days from the filing of the complaint. Included in that answer Defendant states in various ways it is not the proper party in the lawsuit nor that it owns or operates the facilities. It goes further in a separate disclosure statement to state Sparkplug Capital LLC is a nonprofit corporation. While it is unclear the motivation in making this assertion they did not provide any 501(c) information.

## ARGUEMENT

## II. GOOD CAUSE

Plaintiffs acted in good faith and in a timely manner to deliver the complaint and waiver of service documentation on the defendant. In spite of over a month and a half delay by the U.S. Postal Service and a second attempt via Fed Ex, which proved successful, the Defendant received both the complaint and the request for waiver documentation only 70 days after initial filing of the complaint, well under

---

[1] ¶2 Affidavit of Attorney Kevin A Christensen in Support of Sparkplug Capital LLC's Motion to Dismiss

[2] ¶3 Affidavit of Attorney Kevin A Christensen in Support of Sparkplug Capital LLC's Motion to Dismiss

the 90 day requirement. "Good cause" is demonstrated by a showing of a valid and justifiable reason for the delay of service. Coleman v. Milwaukee Bd. of Sch. Directors, 290 F.3d 932, 934 (7th Cir. 2002).

III. GOOD CAUSE DUE TO EXTENUATING CIRCUMSTANCES

The year 2020 has been unlike any other with the global COVID-19 pandemic. It's thrown the judicial system in disarray. Plaintiffs began the legal process in the middle of an uncertain and tumultuous worldwide pandemic. This court, as did all federal courts, issued a series of rulings for drastic changes and precautions, showing "good cause" in issuing them beginning on March 13, 2020 (General Order 20-2) thru to September 22, 2020 (General Order 20-19), with an interim orders issued on May 28, 2020 (General Orders 20-11 & 20-12) just one day prior to Plaintiffs initial filing.

"In exercising its discretion, the court would consider the significant uncertainties caused by the COVID-19 pandemic and the response of the federal, state, and local governments to it. The brief extension sought by Plaintiff was not enough to render his case stale or prejudice Defendants in any way. On the other hand, denying the extension or, at this point, granting Defendants' motion and dismissing Plaintiff's case, could amount to dismissal with prejudice since Plaintiff may be barred by the statute of limitations from refiling his action." Burton v. Portfolio Recovery Assoc. (Case No. 20-C-222) USDC Eastern District of Wisconsin

Contrary to Defendants claim, Plaintiffs do not nor have they had benefit of legal counsel outside of retaining an attorney shortly after the accident in June 2017. That attorney never filed or assisted in filing any pleadings, and, dropped Plaintiffs as a client after a few weeks due to the fact Defendant wouldn't provide him any

information, including proof of liability insurance, so he could pursue filing an injury claim on our behalf.

Plaintiffs are pro se litigants attempting to navigate the legal system when it is at its most chaotic and detached. The inability to coordinate in person with the clerk's office or get any guidance usually found with in-person proceedings has proven to be very challenging. In spite of this reality, Defendant has not been prejudiced in any way and Plaintiffs have been diligent and as expedient as possible whenever instructed by the Court.

IV.  EXCUSABLE NEGLECT

This court has ultimate discretion regarding any extension of deadlines on completing service. Defendant's Motion To Dismiss should be denied applying principle of excusable neglect as a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). In applying the excusable neglect standard, courts consider all relevant circumstances, including (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id. at 395.

  A.  DANGER OF PREJUDICE TO THE NON-MOVING PARTY
     1.  Extreme prejudice would occur to Plaintiffs is Motion to Dismiss was granted as they would be statutorily barred from re-filing.
  B.  LENGTH OF THE DELAY AND ITS POTENTIAL IMPACT ON JUDICIAL PROCEEDINGS

1. There was no delay in the serving of the actual complaint and there has been no impact on judicial proceedings. Defendants have not been prejudiced in any manner throughout the proceedings. They were served the complaint just 71 days after filing. Defendants were able to file an appearance and their answer to the complaint a very timely 92 days after filing. Since then the court proceedings have not been hampered or delayed with parties having timely completed FRCP 16(b) scheduling conference; 26(f) conference, and initial disclosures.

C. REASON FOR THE DELAY, INCLUDING WHETHER IT WAS WITHIN THE REASONABLE CONTROL OF THE MOVANT

1. Plaintiffs took timely & expected steps to serve Defendant. Plaintiffs filed their complaint within the statute of limitations, albeit on the last possible day. Defendant concedes this. On directions provided by the Clerk of Court, Plaintiff submitted a packet containing the waiver of service, Plaintiff's have attempted in good faith to obtain a signed Waiver of the Service of the Summons provided by the Clerk of the Court. Defendant has "a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons"[3] which they've refused to do even though they received in in August 7, 2020

D. WHETHER THE MOVANT ACTED IN GOOD FAITH

1. Defendant acted in bad faith by not consenting to and signed the waiver of service of summons.
2. Defendant continues to act in bad faith by suggesting asserted the claim on several occasions that it is not the proper party in the complaint.[4]

---

[3] FRCP Rule 4(d)(1) Requesting a Waiver

[4] ¶6 Sparkplug Capital LLCs Answer and Affirmative Defenses filed August 28, 2020;

- 6 -
Case 2:20-cv-00811-LA   Filed 12/30/20   Page 6 of 7   Document 21

Defendant has acted in bad faith through suggestions it is not the proper party to the action, yet failing to file a timely Motion to Dismiss for lack of personal jurisdiction. Instead Defendant put every affirmative defense into its answer to the complaint while also taking affirmative steps in the proceedings of the case such as pre-conference hearings, providing disclosures and requesting records and items from Plaintiff, all which suggest they are the proper party. Defendants cannot have it both ways wherein they claim to be the improper party while acting as if they are.

## V. CONCLUSION

In short, this court has personal jurisdiction and subject matter jurisdiction over this matter. Due to good cause, extenuating circumstances and excusable neglect an extension of time should be set to allow Defendant to sign the Waiver of Service of Summons. If Defendant continues to be unwilling to sign the waiver an extension of time should be set to allow Plaintiff to properly serve the summons issued by the court on the Defendant. Further, it would be prudent if Defendant wishes to continue with its claim of not being the properly named Defendant, to set a hearing to determine if Sparkplug Capital LLC is the proper party in this action. Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

Dated: December 30, 2020        By: _____
                                Adam & Samantha Pletcher
                                Plaintiffs