UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ADAM PLETCHER,
SAMANTHA PLETCHER,

    Plaintiffs,

v.

SPARKPLUG CAPITAL LLC,

    Defendant.

Case No: 20-cv-00811

## SPARKPLUG CAPITAL, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Sparkplug Capital LLC ("Sparkplug"), by its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby submits the following Reply Brief in Support of its Motion to Dismiss Plaintiffs', Adam Pletcher and Samantha Pletcher (collectively "Pletchers"), Complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process under the Federal Rules of Civil Procedure 12(b)(2), 12 (b)(4), and 12(b)(5), and as grounds therefore states as follows:

The Pletchers failed to effectuate process and service of process and continue to make no attempt to remedy these errors resulting in this Court having lack of personal jurisdiction over Sparkplug. The Pletchers' continued inaction most clearly and unequivocally evidences that they lack good cause and that this Court need not consider any hardships that may result in dismissal of this action due to their flagrant disregard of procedural law that continues to this day. Therefore, this action must be dismissed.

## I. THIS CASE MUST BE DISMISSED BECAUSE THE PLETCHERS DO NOT HAVE GOOD CAUSE FOR FAILING TO EFFECTUATE PROCESS AND SERVICE OF PROCESS EFFECTUATE SERVICE OF PROCESS.

The Pletchers have no good cause for failing to effectuate process and service of process requiring dismissal of this action. "'Good cause' is demonstrated by a showing of a valid and justifiable reason for the delay of service.'" *Burton v. Portfolio Recovery Assocs.*, 2020 U.S. Dist. LEXIS 143272, *3 (E.D. Wis. Aug. 2020)(quoting *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002)).

The Pletchers argue that they have good cause because of COVID-19[1]. COVID-19 alone is not a valid or justifiable reason for failing to follow the most basic jurisdictional issues of process and service of process. Granted this action was filed during a tumultuous time, which remains ongoing even today; however, the Pletchers do not provide one example of how COVID-19 prevented them from obtaining a summons and getting it served. For example, they do not claim that:

- either of them was infected with COVID-19;
- they were quarantined for having been in contact with someone who was infected;
- they were prevented from requesting or obtaining a summons from the clerk because of COVID-19;
- they contacted a process server and were told that there would be a delay in service or that service could not be completed because of COVID-19;
- that they were told that Sparkplug's Registered Agent would not accept service because of COVID-19; or
- that they were barred from seeking and filing a motion for extension to effectuate service because of COVID-19.

---

[1] In addition, the Pletchers reference that they are pro se litigants. This is of no relevance given Adam Pletcher's vast litigation experience and the Pletchers overall knowledge of the law, including civil procedure. This is evidenced by their knowledge of the statute of limitations and its implications, ability to locate and review the General Orders, knowledge that a Registered Agent was the proper party for service of process, knowledge of the process and procedure for seeking and filing a motion for extension of time to respond to Sparkplug's Motion to Dismiss, and ability to conduct legal research.

2

The Pletchers did not make such claims because COVID-19 played no part in their failure to effectuate process and service of process. They just did not do it.

In contrast, COVID-19 did not foreclose anything relevant to the Pletchers' ability to understand how to navigate the ligation process or effectuate process and service of process, such as:

- they understood the necessity to file this action before the statute of limitation ran and did so effectively;
- they researched, located, and read the General Orders detailing that COVID-19 would not impede their ability to obtain a summons (e.g. the staff in the clerk's office remained available by telephone, mail continued to be received and processed, and the clerk's office remained open to receive filings);
- they were in contact with the clerk's office;
- they were capable of reading and understanding the directions for effectuating process and service of process provided by the clerk's office;
- they understood that Sparkplug's Registered Agent was the proper party for service and conducted research to obtain the Registered Agent's address; and
- they mailed the complaint and waiver of service documents.

Thus, there is no connection between COVID-19 and their failures.

The Pletchers point to the case of *Burton v. Portfolio Recovery Assocs.* that considered COVID-19 in its decision denying defendants' motion to dismiss. 2020 U.S. Dist. LEXIS 143272 (E.D. Wis. Aug. 11, 2020). In *Burton*, the facts presented a causal link between the plaintiff's perceptions that service would be thwarted due to COVID-19. *Id.*, *2. There is no contention of that here. Unlike the Pletchers, the plaintiff sought and was granted an extension to serve the defendant before the deadline as there was good cause showing a potential impediment due to COVID-19. While entirely appropriate under *Burton,* demonstrating effort of effectuating service of process or that COVID-19 foreclosed the ability to effectuate service, an extension would apply. But here there is no background facts of either because none exists; they just did not do it.

Just as COVID-19 itself does not constitute good cause, not attempting to correct their failures does not constitute good cause. *Kuhn v. Kehrwald*, Case No. 05C1228, *4 (E.D. Wis. Nov.

3

395692v.1

Case 2:20-cv-00811-LA   Filed 01/13/21   Page 3 of 6   Document 22

22, 2006)(citing to *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876-77 (D.C. Cir. 1993)(while pro se litigants are granted leniency, "they must at least attempt to correct their errors when they are able to do so.")

Further, though the Pletchers imply that good cause is shown because Sparkplug did not sign the waiver, this argument fails as a matter of law[2]. There is no dispute that Sparkplug did not sign the waiver of service[3]. Importantly, there is no law cited, nor does it exist, that requires a defendant to waive service. In fact, if this was required, the entire process of service is moot. Do the Pletchers contend that while COVID-19 remains an issue in society that effectively, under federal law, there is no need for service of process?

**II. THIS COURT IS NOT REQUIRED TO CONSIDER THE HARDSHIP FACTORS PURSUANT TO *MCMASTERS V. UNITED STATES* AND OTHER RELEVANT CASES.**

Pletchers' basic premise as to why they should be excused from showing good cause and acting to secure jurisdiction is that granting Sparkplug's motion would foreclose their claims entirely. Sparkplug established in its initial Brief in Support of its Motion to Dismiss that this Court need not consider this hardship when the same circumstances arise. Therefore, this Court is entirely empowered to dismiss this action because there is no good cause for the Pletchers' failures and there is clear evidence that the Pletchers were capable of remedying their failures but chose not do so.

Particularly compelling is that this Court has the discretion to dismiss an action without considering that doing so would foreclose plaintiffs from making any attempt to pursue their

---

[2] In addition, pointing out that Sparkplug did not accept service by waiver, the Pletchers state that this equated to bad faith excusing their failures as excusable neglect. Clearly, excusable neglect is not used in determining good cause and Sparkplug had no obligation to waive service, there were no communications between the parties or promises made that Sparkplug would waive service of the summons.

[3] In fact, based on the time when the waiver was sent, it never could have been signed to effectuate service as it was sent after the deadline to accept expired.

4

395692v.1

claims due to failing to effectuate process or service of process. As provided in Sparkplug's initial Brief in Support of its Motion to Dismiss, the controlling case here is *McMasters v. United States*. 260 F.3d 814, 818 (7th Cir. 2001). In *McMasters*, akin to the Pletchers, the pro se plaintiff argued against dismissal citing good cause for failure to properly serve because she relied on incorrect information regarding service of process. *Id.* at 816. Not finding this to be good cause and noting that dismissal would bar her from refiling due to the statute of limitations, the court nonetheless dismissed the action. *Id.* at 817, 820. This holding effectively prohibited a mother from holding, or even attempting to hold, the United States and the Department of the Navy accountable for the rape and murder of her fifteen (15) year-old daughter. *Id.*

Similarly, the Court in *Roberts v. Jensen* upheld dismissal recognizing its discretion to rely on the lack of good cause to show why service was not effectuated, in lieu of balancing the "hardships" of dismissal. 801 Fed. Appx. 422, 2020 U.S. App LEXIS 2248 (7th Cir. 2020) (unpublished)**.** After finding no good cause and the result barring refiling due to the statute of limitations, the Seventh Circuit did not consider the plaintiff's hardships in dismissing the action. *Id.*, *428. The court reasoned that the plaintiff knew the defendant was not properly served, did not request an extension to effectuate service, and there were no barriers preventing plaintiff from effectuating service; rather, he just did not do it. *Id.* This conduct is strikingly similar to the Pletchers, though their effort is even more dilatory having never requested or obtained a summons nor make any attempts to correct their failures. Thus, the Pletchers' hardship of foreclosing their claims is of no consequence to this Court's decision.

## CONCLUSION

The Pletchers' continued inaction to remedy their failures to effectuate process and service of process does not constitute good cause and the resultant hardships need not be considered in

5

granting dismissal. As a consequence of this flagrant disregard of the law, this Court must hold the Pletchers accountable and dismiss this action.

Dated this 13th day of January, 2021.

/s/ *Kevin A. Christensen*
Kevin A. Christensen (SBN: 1011760)
Andrea G. Jahimiak (SBN: 1115348)
Wilson Elser Moskowitz Edelman & Dicker, LLP
Attorneys for Defendant, Sparkplug Capital LLC
740 N. Plankinton Avenue, Suite 600
Milwaukee, WI 53203
Phone: 414-276-8816
Kevin.Christensen@wilsonelser.com
Andrea.Jahimiak@wilsonelser.com