# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAMANTHA PLETCHER; and ADAM PLETCHER

    Plaintiffs,

vs.

SPARKPLUG CAPITAL LLC, a Delaware Limited-Liability Company.

    Defendant.

Case No: 20-cv-00811

**PLAINTIFFS RESPONSE TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiffs hereby submit their Response to Defendant's Reply Brief in Support of its Motion To Dismiss.

## SERVICE HAS BEEN COMPLETED

Delinquent Service of the Summons has successfully been served on the Defendant, Sparkplug Capital, LLC, via its registered agent, on January 20, 2021 (see attached AFFIDAVIT OF SERVICE, herein incorporated as EXHIBIT A)

## COVID SUPPORTS GOOD CAUSE AS A MITIGATING FACTOR

Defendant continues to argue against the existence of any good cause for Plaintiff's failure to effect service. This argument fails to stand against a number of realities:

Plaintiff attempted delivery of the complaint & waiver by USPS for a month and a half. Plaintiff sent the notice & complaint at a time when COVID was shutting down the entire country. The USPS reported drastic delays due to COVID in June 2020. Certainly this was out of the control of the Plaintiff's and resulted in a delay of service of over a month and a half.

The COVID pandemic resulted in the complete closure of in-court proceedings. Had the parties appeared in person before this court it is likely the Court would set an evidentiary hearing to address to the improper party claim in Defendant's initial pleading. Further it could have made a ruling regarding the lack of timely service which also favors a hearing and often times the setting of an extension of time, thereby giving Plaintiff leave to perfect service. Without the benefits of in person court appearances none of this has occurred.

IMPROPER PARTY CLAIM REQUIRES RESOLUTION BY EVIDENTIARY HEARING

Defendants argued through pleading and its motion to dismiss that it is not the proper party to the complaint. In doing so it put both Plaintiff and this Court on notice that, if true, it didn't have personal jurisdiction over it. As it is of paramount importance that the proper party be involved in the judicial proceedings, Plaintiff had a reasonable expectation that an evidentiary hearing would be set to resolve the named Defendant's claims. This matter still requires resolution if Sparkplug Capital LLC wishes to cling to the false claim they are not the proper party.

Joseph v. Elan Motorsports Technologies Racing Corp. 638 F.3d 555 (7th Cir. 2011) offers some guidance on the importance of proper party as well as the allowance of amended complaints should it be determined to be required.

MCMASTERS V. UNITED STATES DOES NOT SUPPORT DEFENDANT'S MOTION TO DISMISS BUT ACTUALLY FAVORS DENIAL OF MOTION TO DISMISS

Defendant's rely heavily on the emotional angle of the Seventh Circuit court affirming the dismissal of a case involving the tragic rape & murder of a young girl. They argue this Court MUST dismiss the case based on McMasters. This is mistaken and overreaching. While McMasters has some similarities such as a pro se plaintiff and service exceeding the 90-day deadline, important factors couldn't be further apart.

McMasters delayed a full year after filing of the complaint to attempt service by mailing a copy of the summons & complaint. In the case before this Court, service was attempted just ten days after receiving the file stamped copy, summons and waiver. This was followed by a forty-seven (47) day delay by the postal service in attempting to deliver those items which were ultimately all successfully served on the Defendant via its registered agent on in just 70 days. McMasters actually directs that a court must give a plaintiff time to cure a defect in the service. To date no hearing or extension has been set by the Court

> While a court must give a plaintiff reasonable time to cure a defect in service under Rule 4 or grant an appropriate extension of time for service under Rule 4 nothing in the Federal Rules of Civil Procedure allows a judge to excuse service altogether. **Id. at 817**.

McMasters delayed an additional three more years with no interim court proceedings before she filed for a default judgment. Throughout this period she failed to ever serve the defendants.

Another fact that actually favors the denial of Defendant's Motion to Dismiss is that in its ruling, the Seventh Circuit went so far as to state it agreed with the district court's conclusion that the court was within its discretion to allow McMaster's service of the Attorney General nearly 15 months after the filing of her complaint. **Id. at 818**

In the case before this Court, Plaintiffs attempted timely service. Defendant received the full complaint and waiver of service forms. Defendant willfully chose to refuse waiving service while also pleading that they were not the proper party and raised a litany of affirmative defenses yet failed to pursue them in a prompt manner. In McMasters services was never perfected. In the case before this Court service was perfected (albeit without leave of the Court) on January 20, 2021.

JUDICIAL DISCRETION FAVORS DENIAL OF DEFENDANT'S MOTION TO DISMISS

As argued, the delay in perfecting service in no later harmed Defendants nor has it resulted in any delay whatsoever to the actual judicial proceedings.

Instead all parties in the case have participated in various pre-trial motions and this Court's orders without any prejudice or delay to the named Defendant. This case docket and timeline better illustrates the absence of any substantive delays by Plaintiffs or in the overall judicial proceedings for all parties

**May 29, 2020:** PRO SE COMPLAINT FILED

June 29, 2020: Case reassigned to Judge Lynn Adelman. *Thirty (30) days after initial complaint filed*

**August 7, 2020:** Defendant receives the full complaint and waiver of service forms. *Seventy (70) days after initial complaint filed.*

**August 28, 2020:** Defendant files appearance by legal counsel on behalf of named Defendant as well as its initial response to Complaint. Relevant defenses cited are the lack of timely service and Defendant not being the proper party to the lawsuit. *Ninety-one (91) days after initial complaint filed.*

**August 31, 2020:** ORDER entered directing Defendant to identify the citizenship of each of its members so that it may determine if it, in fact, had subject-matter jurisdiction. *Ninety-four (94) days after initial complaint filed.*

**September 14, 2020:** RESPONSE filed by Sparkplug Capital LLC regarding citizenship of each of its members. *One hundred nine (109) days after initial complaint filed.*

**September 16, 2020:** SCHEDULING ORDER entered by this court for 16(b) scheduling conference and Rule 26(f) report. *One hundred eleven (111) days after initial complaint filed.*

**October 2, 2020:** Plaintiffs and Defendant participate in court ordered conference (telephonic) to discuss settlement, discovery & scheduling. *One hundred twenty-seven (127) days after initial complaint filed.*

**October 21, 2020:** JOINT REPORT of Rule 26(f) plan filed by Sparkplug Capital. *One hundred forty-six (146) days after initial complaint filed.*

**October 27, 2020:** INITIAL DISCLOSURES filed by Defendant. *One hundred fifty-two days after initial complaint filed.*

**October 28, 2020:** SCHEDULING CONFERENCE conducted with Court and all Parties, including modification of proposed schedule. *One hundred fifty-three (153) days after initial complaint filed.*

**October 28, 2020:** SCHEDULING ORDER set. Defendant Motion To Dismiss due by 11/18/20. Discovery due by 4/29/2021. Plaintiffs Expert Witness List due by 3/1/2021. Defendants Expert Witness List due by 3/31/2021. Motions due by 5/14/2021. *One hundred fifty-three days after initial complaint filed.*

**November 17, 2020:** INITIAL DISCLOSURES filed by Plaintiffs file Rule 26(a)(1) Initial Disclosures, including specific medical records, incident photos & videographic documentation requested by Defendant and discussed during October 2nd 26(f) conference. *One hundred seventy-three (173) days after initial complaint filed.*

**November 18, 2020:** MOTION & BRIEF to Dismiss for Lack of Jurisdiction filed by Defendant. *One hundred seventy-four (174) days after initial complaint filed.*

**December 11, 2020:** MOTION for Extension of Time filed unopposed by Plaintiff. *One hundred ninety-seven days after initial complaint filed.*

**December 15, 2020:** ORDER by court granting Motion for Extension. *Two hundred one (201) days after initial complaint filed.*

**January 11, 2021:** REPLY BRIEF BY DEFENDANT filed. *One hundred forty days after initial complaint filed.*

**January 20, 2021:** SERVICE OF SUMMONS completed via delivery to registered agent of Sparkplug Capital, LLC. *Two hundred thirty-seven (237) days after initial complaint filed.*

This timeline shows judicial proceedings, filings & matters occurring continuously and without delays throughout the period since the initial complaint was filed. The Court hasn't had to set new or altered schedules or compensated for any delays.

Judicial discretion must consider any parties affected by the granting of Defendant's Motion to Dismiss. The only party affected would be the Plaintiffs' as a motion to dismiss would bar the refiling.

> Rule 4(m) requires the court to grant an extension of time to effect service upon a showing of good cause, but the rule permits the court to grant such relief even absent such a showing. See United States v. Ligas, 549 F.3d 497, 501 (7th Cir. 2008) ("If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court." (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996))). In the exercise of discretion, the court would grant Plaintiff's motion for an extension of time to complete service, even absent good cause

UNITED STATES v MCLAUGHLIN FAVORS DENIAL OF DEFENDANT'S MOTION TO DISMISS.

The Seventh Circuit addressed some similar matters in U.S. v. McLaughlin, 470 F.3d 698 (7th Cir. 2006). The federal government waited until near the last day in a lengthy 10-year statute of limitations to file its complaint. The defendant refused to waive service and the federal government failed to properly serve under Rule 4 within the then 120-day deadline.

Ultimately the government successfully served the defendant a full 271 days after the initial complaint was filed. On appeal, the Seventh Circuit adopted Rule 4(m)'s judicial discretion approach and determined that the government's untimely motion to extend the service period was not fatal to its case, stating that "this case is a good example of the wisdom of Rule 4(m) in allowing a judge to excuse a delay in service even if the plaintiff has no excuse at all."**Id. at 701**

## CONCLUSION

The impact on the daily court proceedings and in-person appearance by the COVID pandemic have relevance to the Plaintiffs' delay in perfecting service as well as in resolving matters such as hearing to address such matters and the matter of the claim of improper party by the Defendant.

When Defendant claimed to be the improper party they put the Plaintiff and this Court on notice of such a procedural defect. Plaintiff had good cause not to continue its attempt to perfect service of the summons until a timely evidentiary hearing would be held so that this court could make a determination if, indeed, the properly party was named in the complaint. If it was the proper party then this court could grant a discretionary extension to have service completed. If the incorrect party was named, this court could order and extension for an amended complaint with the proper party named and that party served.

Even absent good cause this court has discretionary authority to order an extension of time to perfect service. Case law supports the courts to work to this end.

As service was completed on January 20, 2021, Plaintiff would ask this Court to enter a discretionary extension of time for Plaintiffs to serve Sparkplug Capital, LLC until January 20, 2021 so that Plaintiffs service is effective.

Respectfully submitted,

Dated: January 24, 2021

By: _____

Adam & Samantha Pletcher
Plaintiffs

- 9 -
Case 2:20-cv-00811-LA   Filed 01/27/21   Page 9 of 12   Document 23

# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

| | |
|---|---|
| **SAMANTHA PLETCHER; and ADAM PLETCHER** ) ) ) *Plaintiff* ) ) v. ) ) **SPARKPLUG CAPITAL, LLC, a Delaware Limited Liability Company** ) ) ) ) *Defendant* | Civil Action No. 20-C-0811 |

## AFFIDAVIT OF SERVICE

I, Jamie Cordes, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents on Sparkplug Capital, LLC dba Red Dot Storage in Arapahoe County, CO on January 20, 2021 at 9:50 am at 7700 E Arapahoe Rd, Suite 220, Centennial, CO 80112 by leaving the following documents with Emilie LaPlante who as Intake Specialist at Cogency Global, Inc. is authorized by appointment or by law to receive service of process for Sparkplug Capital, LLC dba Red Dot Storage.

SUMMONS IN A CIVIL ACTION and COMPLAINT FOR DAMAGES WITH JURY DEMAND; CIVIL COVER SHEET.

Additional Description:
Emilie LaPlante was served.

White Female, est. age 25, glasses: N, Brown hair, 100 lbs to 120 lbs, 5' 3" to 5' 6".
Photograph: See Exhibit 1

I DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in  Douglas County , CO  on
 1/20/2021 .

*Jamie Cordes*
Signature
Jamie Cordes
(303) 720-2070

# Exhibit 1

Exhibit 1a)

