# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SAMANTHA PLETCHER and
ADAM PLETCHER,
              **Plaintiffs,**

    **v.**                                                                  **Case No. 20-cv-811**

SPARKPLUG CAPITAL LLC,
              **Defendant.**

---

## ORDER

Plaintiffs, proceeding *pro* se, filed this case on May 29, 2020. Defendant has moved to dismiss under Rules 12(b)(2), 12(b)(4), and 12(b)(5) for lack of personal jurisdiction and insufficient service of process.[1] Under Rule 4(m), a plaintiff has ninety (90) days to serve defendants, though if a plaintiff shows good cause for failure to do so, the district court *must* extend the time for service for an appropriate period. However, even without good cause, granting an extension to serve the defendant is within the court's discretion. *See U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) ("If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court.") (citing *Henderson v. U.S.*, 517 U.S. 654, 662–63 (1996)). *See also Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011); *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002) (explaining the difference between good cause and excusable neglect).

In moving to dismiss, Defendant argues that Plaintiffs have not shown good cause; Plaintiffs' references to the COVID-19 pandemic are unavailing because they show no connection to their failure to serve Defendant. Likewise, they not entitled to a discretionary extension because they previously sought no extension and made no effort to serve after

---

[1] Plaintiffs appear to have served Defendant on January 20, 2021. ECF No. 23 at 10–12.

being put on notice by Defendant in its answer and during two phone conferences. Plaintiffs cite difficulties with shipping, their lack of knowledge of the litigation process as *pro se* litigants, and their inability to converse with the Clerk's office in-person due to the pandemic; regardless, any neglect on their part is excusable.

Good cause means "a valid reason for delay, such as the defendant's evading service." *Coleman*, 290 F.3d at 934 (citing cases). There is no such good cause here; there is no indication that Defendant evaded service, it is unclear how conversing with the Clerk's office via telephone is materially different than doing so in-person in this context, and *pro se* plaintiffs are obligated to comply with procedural rules like parties represented by counsel. *See McMasters v. U.S.*, 260 F.3d 814, 818 (7th Cir. 2001) ("The fact that [plaintiff] was proceeding *pro se* does not excuse her failure to comply with procedural rules.").

Because I find no good cause, I am not *required* to extend the deadline for service. Absent good cause, the decision of whether to dismiss or extend the period for service is inherently discretionary and should consider the relative hardships of the parties. *See Cardenas*, 646 F.3d at 1006–07 (citations omitted). This includes factors such as whether the expiration of a statute of limitations would prevent refiling; the defendant's ability to defend would be prejudiced by an extension; the defendant had actual notice of the lawsuit; and the defendant was eventually served. *See Sheskey v. Madison Metro. Sch. Dist.*, 2013 WL 6628990, at *3–4 (W.D. Wis. Dec. 17, 2013) (allowing *pro se* plaintiff opportunity to perfect service) (citing *Cardenas*). *See also Hurst v. Names Unknown*, 42 F.App'x 895, 897 (7th Cir. 2002). District courts "should pay particular attention to a critical factor such as the running of a statute of limitations." *Cardenas*, 646 F.3d at 1007.

Here, dismissal without prejudice would effectively be a dismissal *with* prejudice because refiling would be barred by the three-year statute of limitations for personal injury

actions in Wisconsin. *See* Wis. Stat. § 893.54. Additionally, Defendant had actual notice: it filed an answer, exchanged some discovery, and has otherwise participated in this case. *See* ECF Nos. 6, 11, & 13. According to Plaintiffs, Defendant was eventually served. ECF No. 23 at 10–12.[2] And, perhaps most importantly, Defendant has not shown that its ability to defend is in any way prejudiced by an extension. *See U.S. v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006) ("When delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the [relevant] period has expired, cannot be an abuse of discretion.").

Because discretionary factors weigh in favor of an extension, I will deny Defendant's motion to dismiss and allow Plaintiffs' late service. Courts will often allow extra time for service when statute of limitations concerns are implicated, particularly when addressing the first such request, as is the case here. *See*, *e.g.*, *Hanna v. Lackie*, 2011 WL 1330796, at \*6 (E.D. Wis. Apr. 7, 2011) (allowing additional time "in light of the significant consequences of dismissal and because the defendant failed to suggest any possibility of prejudice as a result of plaintiff's 35–day delay in service"); *Burton v. Portfolio Recovery Assocs., LLC*, 2020 WL 4597123, at \*2 (E.D. Wis. Aug. 11, 2020) ("The brief extension sought by Plaintiff was not enough to render his case stale or prejudice Defendants in any way. On the other hand, denying the extension or, at this point, granting Defendants' motion and dismissing Plaintiff's case, could amount to dismissal with prejudice since Plaintiff may be barred by the statute of limitations from refiling his action."); *Ligon v. Ladish Co., Inc.*, 2006 WL 8445206, at \*3 (E.D. Wis. Sept. 28, 2006) (plaintiff's receipt of earlier extension and warning re: service, among other factors, justified dismissal). *See also Coleman*, 290 F.3d at 934 (explaining discretionary "balance of hardships" inquiry will probably allow for late service where

---

[2] If Defendant does not believe service has been perfected, it should object accordingly.

dismissal involves statute of limitations concerns and defendant likely received actual notice of the suit and/or suffered no actual harm to defense of suit).

Defendant points to *McMasters*, 260 F.3d 814, and *Roberts v. Jensen*, 801 F.App'x 422 (7th Cir. 2020) as controlling. But the issue in *McMasters* was not whether an extension was appropriate, but rather whether service was proper and the effect of a transferor district court's prior (and ultimately erroneous) determination on that question. Proper service in *McMasters* was not achieved *at all* over the course of that case, which was five years-old by the time it was dismissed by the district court. *See McMasters v. U.S.*, 2000 WL 336549, at *1 (N.D. Ill. Mar. 28, 2000).[3] In *Roberts*, the *pro se* plaintiff did not request service of the relevant defendant over the course of an entire year, from screening through discovery and dispositive motions, and only first sought to remedy service once confronted with the issue on appeal. *Roberts*, 801 F.App'x at 428 ("Because [plaintiff] did not request an extension of time to file with the district court or otherwise preserve the issue for appeal, we need not reach the extension question."). *See also*, *e.g.*, *Cardenas*, 646 F.3d at 1007 ("Plaintiffs' counsel made no attempt to serve Officer Gallegos in the *483 days* between removal and the filing of the motion to dismiss") (emphasis added). There is no such delay here.

**THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss (ECF No. 16) is **DENIED**. Plaintiffs' late service is permitted. As service appears to have been perfected, no further deadline is necessary.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2021.

s/Lynn Adelman
LYNN ADELMAN
District Judge

---

[3] Having reviewed the decisions from the district court and court of appeals, it is unclear whether McMasters even *requested* an extension of time from either court to properly serve the defendant post-transfer.

4