UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ADAM PLETCHER,
SAMANTHA PLETCHER,

        Plaintiffs,

v.                              Case No: 20-cv-00811

SPARKPLUG CAPITAL LLC,

        Defendant.

**DEFENDANT, SPARKPLUG CAPITAL LLC'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO NAME REBUTTAL EXPERT**

Defendant, Sparkplug Capital LLC ("Sparkplug"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby respond to the Plaintiffs' Motion for Leave to Name Rebuttal Experts as set forth below.

## INTRODUCTION

The Plaintiffs have sought leave to name a "rebuttal" expert allegedly in response to the opinions expressed by the defense expert, Damon Kaplanek ("Kaplanek"). (*Doc.* 33-1) Yet, despite seeking leave and claiming such request complies with Rule 26(a)(2)(D), Plaintiffs do not provide any insight as to why the requested expert or the opinions to be expressed are rebuttal at all. Given the focus of the Plaintiffs' request is Kaplanek's opinions, Plaintiffs' request must be denied as the request for leave is nothing but a belated attempt to supplement Plaintiffs' expert disclosures with a witness that should have been disclosed long ago.

The issues addressed by Kaplanek's report relate directly to and rebut the allegations of the Plaintiffs' Complaint which assert, among other things, acts of negligence on the part of Sparkplug. To this end, an expert's opinion in support of such allegations or in response to opinions contrary

to those allegations are not rebuttal, but are a requirement of the Plaintiffs' case in chief and allowing such at this time will greatly prejudice the defense. The Plaintiffs' Motion for Leave should therefore be denied.

## ARGUMENTS

### I. PLAINTIFFS' REQUEST DOES NOT SEEK TO DISCLOSE A "REBUTTAL" EXPERT AT ALL.

Plaintiffs asserted multiple causes of action, including causes of action directly related to and premised upon the alleged failure of Sparkplug to reasonably inspect and maintain a self-storage facility in Genoa, Wisconsin. To this end, any expert opinion directed to the question of the standard of care or the relation of any failures of Sparkplug to reasonably maintain the facility to Samantha Pletcher's alleged injuries were issues pertinent to the Plaintiffs' case in chief.

Plaintiffs have sought opportunity (which was granted) to supplement their expert disclosure previously. (*Doc.* 29) Yet, Plaintiffs failed to name any liability expert, apparently believing either expert testimony was not necessary or advantageous to their position. However, upon the defense identifying Damon Kaplanek and providing Mr. Kaplanek's report, the Plaintiffs have clearly had a change of heart. Their request is not based upon a legal right for "rebuttal," but rather, a belated strategy decision in light of the defense disclosure.

In his report, Kaplanek opines on subjects <u>directly</u> related to the allegations of Plaintiffs' complaints. He opines on the subjects of the standard of care in the self-storage garage industry relative to routine maintenance. He provides his opinion as to the effect any alleged lack of maintenance would have on the life span of the torsion spring on the garage door.

Clearly, Plaintiffs understood that these were issues of relevance to their case in chief. Plaintiffs disclosed Ross Mori as a witness. Mr. Mori is a representative from Trac-Rite, the door manufacturer. In fact, the Plaintiffs deposed Mr. Mori on April 7, 2021 – nearly 2 months prior to

2

255237753v.1
Case 2:20-cv-00811-LA   Filed 06/16/21   Page 2 of 5   Document 37

the defense disclosure. He was questioned by Plaintiffs extensively about his perceptive of maintenance needs, life span of the torsion springs and other issues directed to whether Sparkplug should be held liable for Plaintiffs alleged damages. Though Plaintiffs did not retain Mr. Mori to act as an expert witness on their behalf, they were clearly aware that the issues in question were pertinent to their case.

The relevance of Trac-Rite's perceptive has been known to Plaintiffs at least since their initial disclosures on November 11, 2020, when Plaintiff disclosed that a Trac-Rite representative would, "provide knowledge and information on the critical requirement of maintenance to the roll-door system as well as the critical consequences of failing to do so." (*Doc.* 15.) Yet, in support of this motion for leave, Plaintiffs suggest the issues raised by Kaplanek were unanticipated and only now must be "rebutted."

In fact, Kaplanek's report raises no new issues that would not have otherwise been clearly within the purview of Plaintiffs' causes of action. To this end, Plaintiffs do not seek "rebuttal," but rather a second chance at naming witnesses only after disclosure by the defense. As such, the Plaintiffs' motion should be denied.

## II. PLAINTIFFS' REQUEST DOES <u>NOT</u> COMPLY WITH FRCP 26(a)(2)(D) AND ALLOWING THE BELATED DISCLOSURE WOULD UNFAIRLY PREJUDICE THE DEFENSE.

Plaintiffs contend that their request complies with FRCP 26(a)(2)(D), which states that, "a party must make these disclosures at the times and in the sequence that the court orders." Not one of the Court's scheduling orders have provided opportunity for rebuttal expert disclosures as a matter of course. Rather, the Court's orders have required Plaintiffs' disclosures <u>prior to</u> expert disclosure on behalf of the defense. The defense complied with the sequencing called for in the Court's order. In contrast, now that the defense has named an expert and disclosed the parameters

of the defense expert's opinions, Plaintiffs seek to go "out of sequence" and be given an opportunity to respond to the defense expert. This would be patently unfair. Plaintiffs' bear the burden of proof to establish the causes of action alleged. Plaintiffs do not explain, nor could they, why it is that an expert on the areas addressed by Kaplanek could not be or were not contemplated in compliance with the sequence of the Court's prior scheduling orders.

Further, Plaintiffs' contention that granting their motion would cause no prejudice to the defense is, again, flatly wrong. In addition to the disclosure deadlines, the Court's scheduling orders contemplated and set out an orderly sequence for the pre-trial process. (*Doc*. 14, 25-1, 30-1) Following witness disclosures, the Court's order set a deadline for dispositive motions of June 29, 2021. (*Doc.* 30-1) The defense has contemplated and intends to file a summary judgment based upon the record following discovery and expert disclosures, all of which has now been completed. The defense's discovery was focused upon the Plaintiffs' witnesses, timely disclosed. Allowing the Plaintiffs to simply ignore that sequence and the deadlines called for in the Court's scheduling order now renders the defense discovery efforts moot.

Furthermore, assuming, as requested by the Plaintiffs, that 30 days should be allowed for disclosure of rebuttal expert (one they claim they already have "located" but about which they provide no other information), granting their motion forecloses the defense's opportunity to take appropriate discovery of the expert and consider dispositive motion issues, an exercise that has already been undertaken in light of the discovery process already completed. Simply put, the relevant deadlines will have come and gone before Plaintiffs' belated request for supplemental experts. This certainly unfairly prejudices the Defense and, as such, the request should be rejected.

4

255237753v.1

Case 2:20-cv-00811-LA   Filed 06/16/21   Page 4 of 5   Document 37

## CONCLUSION

For the reasons set forth above, Sparkplug respectfully requests the Court deny Plaintiffs' Motion for Leave to Name a Rebuttal Expert.

Dated this 16th day of June, 2021.

/s/ *Kevin A. Christensen*
Kevin A. Christensen (SBN: 1011760)
Wilson Elser Moskowitz Edelman & Dicker, LLP
Attorneys for Defendant, Sparkplug Capital LLC
555 East Wells Street, Suite 1730
Milwaukee, WI 53202
Phone: 414-276-8816
Kevin.Christensen@wilsonelser.com