UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMANTHA PLETCHER AND
ADAM PLETCHER,

    Plaintiffs,

v.                                                   Case No. 20-CV-811

SPARKPLUG CAPITAL, LLC,

    Defendant.

## ORDER REGARDING REMOTE SETTLEMENT PROCEEDINGS

The above matter has been referred to me for mediation by United States District Judge Lynn Adelman. Based on this referral and pursuant to the order,

**IT IS HEREBY ORDERED**:

1. I will conduct a settlement conference on **October 13, 2021 at 9:00 a.m. <u>All parties shall initially convene remotely via Zoom</u>**. Prior to the conference, I will email instructions for joining the meeting. The mediation will focus on all issues necessary to fully resolve the case, including reasonable costs and attorneys' fees.

2. Primary counsel who will try the case must be remotely present.

3. A person with full settlement authority also must be remotely present. This requirement contemplates the presence of a party or, if a corporate entity, an authorized representative of the party, who can settle the case during the course of the conference <u>without consulting a superior</u>.

4. **<u>Presettlement Conference Demand and Offer</u>**

   A. A settlement conference is more likely to be productive if, before the conference, the parties have had a chance to discuss settlement proposals. Prior to the conference, the attorneys are directed to discuss settlement with their respective clients and, if applicable, insurance representatives.

B. In addition, plaintiffs' counsel shall submit a written settlement demand to the defendant's counsel with a brief explanation of why such a settlement is appropriate on or before **October 4, 2021**.

C. Defendant's counsel shall submit a written offer to the plaintiffs' counsel with a brief explanation of why such a settlement is appropriate on or before **October 6, 2021**.

D. This process may lead directly to a settlement. If a settlement results, the plaintiffs' counsel shall promptly notify my chambers at 414-297-4167.

5. **Mediation Conference Statement**

    A. The following documents **shall NOT be electronically filed**. These documents shall be used only for mediation and shall not become part of the court's file in this matter. The following documents shall be **electronically sent to my chambers**, in PDF format, at JosephPO@wied.uscourts.gov.

    B. No later than **4:30 P.M. (CT) October 8, 2021** plaintiffs' counsel shall provide me with the following:

        i. Copies of: (a) the plaintiffs' written settlement demand provided to defendant's counsel; and (b) the defendant's written offer provided to plaintiffs' counsel exchanged as part of the presettlement conference demand and offer procedure set forth in Part 4 of this Order.

        ii. A mediation statement, **not exceeding 5 pages in length**, setting forth the relevant positions of the parties concerning factual issues, issues of law, and damages. Also included in this mediation statement shall be the names, and if applicable, titles, of all persons who are expected to attend the mediation conference. This mediation statement shall be simultaneously provided to all other counsel of record in this matter.

        iii. A separate *ex parte* letter indicating the minimum settlement position of the plaintiff, including all damages, costs, and attorneys' fees. This letter shall not be provided to the defendants.

C. No later than **4:30 P.M. (CT) October 8, 2021** defendant's counsel shall provide me with the following:

    i. A mediation statement, **not exceeding 5 pages in length**, setting forth the relevant positions of the parties concerning factual issues, issues of law, and damages. Also included in this mediation statement shall be the names, and if applicable, titles, of all persons who are expected to attend the mediation conference. This mediation statement shall be simultaneously provided to all other counsel of record in this matter.

    ii. A separate *ex parte* letter indicating the maximum settlement position of the defendant, including all damages, costs, and attorneys' fees. This letter shall not be provided to the plaintiff.

6. The purpose of the mediation is to permit an informal discussion between the attorneys and parties on all aspects of the lawsuit that bears on settlement. To promote a full and open discussion, communications occurring during the mediation cannot be used by any party with regard to any aspect of this litigation. *See* Civil L.R. 16(d)(3).

Dated at Milwaukee, Wisconsin, this 28th day of September, 2021.

_____
NANCY JOSEPH
United States Magistrate Judge